ELIZABETH DURHAM *versus* LAVINIA ANGIER.

An adverse occupation of the premises in which dower is claimed, for more than twenty years during the life of the husband, will not bar the rights of the widow.

The statute of limitations does not begin to run against her right to claim dower, until after the death of her husband. It is never regarded as operative upon a remainder man or reversioner during the existence of the particular estate.

A release of dower by the wife will not be presumed from long continued occupation of the premises, where such occupation is adverse to the husband.

THIS was an action to recover dower in a part of lot 36, in the first division, in Belfast, and was submitted to the Court on the following facts, by the agreement of parties.

The demandant was the widow of John Durham, and was married to him in Dec. 1780. To prove the seizin of her husband, she produced an office copy of a warranty deed from Benjamin and Edward Stetson, of lot 36, to him, dated April

2, 1796, duly acknowledged and recorded. John Durham resided upon part of lot 36 from the year 1798 to the time of his death, which took place Oct. 25, 1823. At the time said Durham went into possession of the premises, in which dower is claimed, they had been cleared of the original growth, were fenced with a brush fence, and used as a pasture, but had no buildings on them.

The tenant, to prove her title, produced a warranty deed from George Hopkins to Sam'l Jackson, dated Feb. 9, 1801, duly acknowledged and recorded, under which deed Jackson entered and immediately went into the occupation of the premises. At this time the fence had become dilapidated. The tenant has the title of Jackson, and she and those under whom she claims, have been in possession of the premises from Feb. 9, 1801 to the present time.

Dower was duly demanded before the suing out of the plaintiff's writ.

*A. T. Palmer,* for the demandant.

The seizin and death of the demandant's husband, and that dower was demanded, are admitted.

The estate was one in which the widow was entitled to her dower. *Mosher* v. *Mosher,* 15 Maine R. 371 ; *Knight* v. *Mains,* 3 Fairf. 41. The statute of limitations does not operate as a bar. *Moore* v. *Frost,* 3 N. H. R. 126 ; Com. Dig. Temps, G, 9; *Jones* v. *Powell,* 6 Johns. 290 ; *Barnard* v. *Edwards,* 4 N. H. R. 107.

*W. Kelly,* for the tenant.

It does not appear, that this was an estate entitling the demandant to her dower. Wild land is not subject to dower, and the case furnishes no evidence, that the premises have ever been cultivated or improved by John Durham.

The widow is barred by the statute of limitation. A manifest distinction exists between claims under and adverse to the husband. The tenant claims adversely to John Durham. He was ousted. That disseizin continued so long, that the tenant acquired a perfect title as against him ; and as the wife claims

only through him, she is equally barred by lapse of time. 2 Hill. Abr. 195; *Cullen* v. *Melzer*, 13 S. & R. 356.

The opinion of the Court was by

SHEPLEY J.— It is provided by Statute, c. 41, § 6, " that the estate in which a widow shall have a right to claim dower by this act, is all such lands, tenements and hereditaments of which the husband was seized in fee, either in possession, reversion, or remainder, at any time during the marriage, except where such widow by her own consent may have been provided for by way of jointure prior to the marriage, or where she may have relinquished her right of dower by deed under her hand and seal." In England, by the St. of 3 & 4 Will. 4, c. 105, § 4, the widow is not entitled to dower out of any lands conveyed by her husband during life or devised by his last will. And in several of the States the right has been restricted to lands of which the husband died seized. No such limitation exists here. In this case the husband was seized during the marriage as the statute requires. The seizin must be a rightful one; for if the husband be in under a title, which is defeated by an elder and better one, his widow is not entitled to dower. Litt. § 393, and Butler's note, 170. Although the case states, that the tenant and those under whom she claims have held under a title different from that of the husband, it does not state, that it was a better one, or that it prevailed against that of the husband. The estate had been held by a title apparently adverse to that of the husband for more than twenty years before his death; and the counsel for the tenant contends, although the statute of limitations does not begin to run against the right of the widow until after the death of the husband, when the tenant claims under him, that it does operate as a bar when there has been a possession for so long a period under an adverse title. And he relies upon such a statement of the law in 2 Hill. Abr. c. 21, § 33, where it is said, " where a husband conveys his land without the wife's joining in the deed, the statute of limitations does not run against her till after his death. *Otherwise it seems where an*

Durham *v.* Angier.

*entry and possession are adverse to his title, or where his title is not acknowledged.*" The general statute of limitations did not apply to a writ of dower. It was not within the words of the statute, for the widow did not count on her own seizin, or on that of any ancestor. Com. Dig. Temps. G. 9, Park on dower, 311 ; *Moore* v. *Frost,* 3 N. H. R. 126 ; *Wells* v. *Beall,* 2 Gill & Johns. 468. Upon the principle on which statutes of limitation are enacted, that of negligence or laches in the party debarred, no statute of limitation could justly be held to run against her until after that time. The statute is never regarded as operative upon a remainder man or reversioner during the existence of the particular estate. The cases cited in 2 Hill. Abr. do not sustain the text. They only shew, that the widow in England would be barred by the statute of non-claims, if she did not bring her suit within five years after her right accrued, when the husband, his heir, alienee, or devizee, had levied a fine with proclamations. Nor can the neglect of the husband to enter during his life destroy the right of his widow. For it is only, where he has no seizin in law, as where he is entitled to enter upon the determination of a particular freehold estate and permits the tenant to continue his seizin without entering upon him during his life, that his laches can prejudice her claim of dower. Perkins, § 366.

Whether the action would not be barred by the statute of limitations, if it had not been brought within twenty years after the death of the husband, does not arise in this case. That question has been decided upon the statutes of other States. *Barnard* v. *Edwards,* 4 N. H. R. 107 ; *Jones* v. *Powell,* 6 Johns. Ch. 194.

It is said, that a jury would be at liberty to presume a release of dower, and that the Court should therefore do so on this agreed statement. As the tenant does not profess to hold under but against the title of the husband no conveyance from him can be presumed ; and without it she could not during his life release her dower by our laws. And sufficient time had not elapsed before the commencement of the suit to authorise the presumption, that she had released since his death.

The case finds that, "the premises in which dower is claim-
ed had been cleared of the original growth and fenced with a
brush fence, and were used as pasture." Such lands are not
within the rule, which excludes the right of dower in lands
covered with wood and uncultivated. *Mosher* v. *Mosher*, 15
Maine R. 371. It is not material therefore whether the pre-
mises were used in connexion with the remainder of the lot.
The demandant is entitled on the agreed statement to recover
her dower.