Hart vs. McCollum.

## HART vs. McCOLLUM.

If the husband is seized of lands at any time during the coverture, and they have not been conveyed away by him, nor by a public officer, under judicial sale, the widow, at his death, is entitled to dower in said lands.

Dower, in Houston Superior Court. Decision by Judge LAMAR, April Term, 1859.

Abigail M. Hart, as the widow of Levi Hart, deceased, filed her petition to have dower assigned to her, in lot of land No. 9, situated in the thirteenth (13) District of Houston.

The defendant pleaded—

1st. That applicant was not the widow of Levi Hart.

2d. The statute of limitations.

Plaintiff proved her marriage with Levi Hart, the deceased, 15th July, 1818, and that he died in December, 1853. She then introduced and read in evidence a grant from the State to Levi Hart, for the lot in question, dated 12th day of December, 1825, and closed.

Defendant, as color of title, and in support of this plea of the statute of limitations, offered and read in evidence

Hart vs. McCollum.

a deed from the sheriff of Houston county, for the lot in question, (No. 9, 13th District, Houston county,) to Peter Daniel, sold under fi. fas. from Justices Courts, in favor of John Rawls, against Wm. B. and Job W. Smith, first Tuesday in May, 1832. Deed dated 1st May, 1832. Recorded 18th June, 1832. Also a deed from Daniel to defendant, for the same lot, dated 24th October, 1850, and recorded 25th November, 1850. Also a deed from Jesse Lewis to W. B. and J. W. Smith, dated 20th November, 1830; recorded 26th November, 1830. Then a deed from Benj. E. Hall to Jesse Lewis, dated 27th January, 1829, and recorded 2d June, 1829.

It was admitted by plaintiff's counsel that defendant, and those under whom he claimed, had been in possession of said lot ever since 1830.

Counsel for plaintiff requested the Court to charge, that although the possession of McCollum might be sufficient to bar Levi Hart in his lifetime, yet, that, as he was seized during coverture, his laches did not operate to divest plaintiff's right to dower. The court refused so to charge, but charged the jury that although, by the common law, all that was necessary to entitle a widow to dower was to prove the marriage, and *seizin of the husband at any time during* coverture, and *his death*, yet our legislation had repealed the common law, so far, that if the husband lost title to the land before his death, either by sale, the statute of limitations, or any other way, his widow was not entitled to dower. Under our law, the husband must be seized at his death, to entitle his widow to dower. To which charge plaintiff excepted.

The jury found for the defendant, and plaintiff assigns the charge as error.

John M. Giles, for plaintiff in error.

Eli Warner, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It is admitted in the argument, and is undoubtedly true, that the right of dower stood in this State, as it did at common law, until 1826.   The colonial act of 1760 (Cobb, 161,) merely ascribed the mode by which the right of the *feme covert* might be conveyed.

By the act of 1826, (Prince, 249,) it is no longer neces- sary for the wife to join with the husband to bar her dow- er, except as to the lands of which the husband may have become possessed by his intermarriage.   As to all other lands of which he may have been seized during coverture, his separate deed is sufficient to convey the entire title. The legislature, fearing some construction might be put upon the act which would limit the widow's right to lands which come by her, say that nothing contained in the act shall prevent the widow from her right to dower in all lands of which her husband might have been seized. Mortgaged lands would be included under this clause.

One thing is very plain,—that while the separate con- veyance of the husband is sufficient to transfer the entire title, except as the marriage lands, still to effectuate that object a *conveyance must be made.*   And the mere failure of the husband to sue for lands of which he was once legally seized during coverture, until the statute of limitations attaches as against him, does not exclude the wife's right to dower in said lands—a right which she may assert when she becomes discourt.

The judges in convention held, and such was the well settled doctrine of the common law, that the statute of limitations did not run against dower.

In confirmation of our constructions of the act of 1826, we refer to the statute of 1842, (Cobb, 179).   It is as fol- lows :  " All conveyances of real estate made by any sheriff or other officer, in pursuance of sale made under execu- tion or other legal process or order of court, in the life-

Hart vs. McCollum.

time of the husband, shall be as good and effectual in bar of the right of dower as if the conveyance was made by the husband himself.

The act of 1826 having provided that the deed of the husband alone should be good to convey away the wife's rights of dower, the act of 1842 makes judicial sales and conveyances in the lifetime of the husband " as good and effectual in bar of the right of dower as if the conveyance were made by the husband himself." And this is as far as the legislature has gone.

That the legislative policy has been to respect dower, I do not deny. Neither do I find fault with it. On the contrary, I approve of it. That they intended by the act of 1826 to limit it to lands which come by her, and which she had not conveyed jointly with her husband, and lands of which the husband died seized and possessed, is quite probable. Still it is manifest that the acts passed have fallen short of accomplishing that purpose.

To bar her right then, there must be a conveyance by the husband or by the officer of the law under a judicial sale.

We hold, then, that as to the land in dispute, it is only for the widow to show marriage, seizure of the husband at any time during coverture, and death of her husband, and her right to dower is *prima facie* established. The legislation of the State is not in the way in this case.

Judgment reversed.