79 499
89 384

CASE 104—EQUITY—OCTOBER 8, 1881.

# Anderson's trustee, &c., v. Sterritt, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. An action to recover dower is not only a suit for the "recovery of real property," but for a freehold estate therein.
2. The suit is barred within fifteen years after the cause of action accrued.
3. The possession of the vendees is adverse to the widow of the vendor.

ALEX. P. HUMPHREY FOR APPELLANT.

The statute declares a bar of fifteen years. Appellee's cause of action accrued upon the death of her first husband, who conveyed the lots. (Gossom v. Donaldson, 18 B. Mon., 241; Gen. Stat., chap. 71, sec. 9, art. 3; 5 J. J. M., 15.)

Anderson's trustee, &c., v. Sterritt, &c.

BULLOCK & ANDERSON FOR J. H. HAMILTON.

This suit was commenced twenty-one years after the appellee's cause of action accrued.  It is barred by the statute of fifteen years.  A right to dower is a claim to a freehold in land.  (6 Ala., 373; 3. Cranch Ct. Cl., 394; Shields v. Botts, 5 J. J. M., 13; Ralls v. Hughes, 1 Dana, 407.)

BYRON BACON FOR APPELLEE MERIWETHER.

1. Appellants rely upon the statute of limitations.  The reply admits the conveyance by Lowe to the grantees, immediate and remote, of appellants, and it thus devolved upon appellees to rebut the presumption of appellants' possession arising from the conveyance made by the husband of appellee.  (Chap. 24, sec. 23, Gen. Stat.; 8 Cranch, 175; Breckinridge v. Ormsby, 1 J. J. Mar., 244; 4 Bibb, 217.)

2. The words real property exclude dower.  It is an estate for life in land.  (Gen. Stat., chap. 21, sec. 13; 4 Bibb, 217.)

C. B. SEYMOUR, J. H. TRABUE, AND S. S. KOHN FOR APPELLEES.

1. The plea of fifteen years' adverse possession is not sustained by the proof.

2. Dower is only an encumbrance.  (Fitzhugh v. Croghan, 2 J. J. Mar., 438.)

3. Limitation to an action to recover real estate begins to run when some one takes possession.  (Jones v. Conley, 2 Duv., 15; Hughes v. Gregg, 4 Dana, 68; 18 B. Mon., 239.)

4. Possession to be adverse must be open and notorious.  The ten years' statute cannot have any application to this case.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, Mrs. Sterritt, and her present husband, filed this petition, asking to have dower assigned her in certain lots of ground in the city of Louisville.  Her former husband, Thomas Low, was seized in his own right of this land in his lifetime, and during the marriage, and conveyed the same by deed to Garvin, Bell & Co., the remote vendors of the appellants.   Mrs. Low, now Mrs. Sterritt, was under age at the date of the conveyance by her husband; nor was the deed, although acknowledged by her, recorded within the time prescribed by law so as to pass her contingent right of

dower.  She arrived at age in the year 1857, and became discovert by the death of her husband in the year 1858.

The appellants relied as a defense on the statute of limitations, barring a recovery of real estate after the lapse of fifteen years from the accrual of the cause of action.  The statute reads: "An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims."  The chancellor below adjudged that this statute did not apply, as the claim asserted for dower was not an action to recover real property, but the assertion of a mere right in the nature of a chose in action. The appellants then relied on the statute of ten years, that provides: "An action for relief not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued."  It was considered below that this statute would apply if the appellants or those claiming under them had been in the actual adverse possession of the lots of ground for the period mentioned in the statute, but that the constructive possession following the legal title could not be regarded as adverse to the claim of the appellee.

A party may acquire title to real estate by adverse possession, but under either of the statutes relied on it is not necessary for the party holding the legal title, and against whom the claim is sought to be enforced, to show that he has had an actual possession under his claim of title for the period mentioned in the statute.  It is true there must be an adversary claim to that of the plaintiff, for if not, there is nothing to prevent an entry on the land or the assignment of the dower.  The appellants and their vendors have been claiming to hold this land under the conveyance made

to Garvin, Bell & Co. since the year 1856, and the appel-
lee's disability was removed in the year 1858. She had then
arrived at the age of twenty-one years, and was a *feme sole*.
Her right to prosecute her claim, and to enter upon the
land under. the order of the chancellor, accrued at that time,
and the statute expressly provides: "That an action for
the recovery of real property can only be brought within
fifteen years after the right to institute it first accrued to the
plaintiff. If there was no claimant of the property, and the
possession was with the widow by reason of her marital
rights, although not living on the property, an action would
not be necessary; but here these parties were vested with
the absolute title twenty-three or twenty-four years before
the bringing of this action, and within the last five or six
years made valuable improvements upon the property..
Their claim was during all this time hostile to that of the
widow, and her right to institute this character of action
first accrued in the year 1858. If one is invested with the
fee-simple title to land, the possession is necessarily with the
title, unless there is an adverse holding, and no cause of
action arises in favor of the owner until an entry is made
under a claim of right, and then he may maintain his eject-
ment. The statute commences to run when the entry is
made, and no right of action exists until then. If A owns
vacant lands, and there is no hostile possession, he cannot
sue to recover it, because there is no one to sue or wrong
to complain of; but the moment there is an entry, with
a claim of right hostile to the owner, the cause of action
arises. This is the effect of the statute of limitations as
between the real owner and one who acquires an actual
adverse possession. This rule does not apply to the case at
bar. The wife, at the time the appellants. acquired the title,.

had neither title, possession, or the right of entry, but a mere contingent right that she might enforce in the event she survived her husband. Her husband, who was invested with the legal title, and had either the constructive or actual possession, conveyed the absolute estate to the vendors of these appellants. They have held and claimed under that conveyance for twenty-three years or longer, and the widow is now asserting a claim hostile to this title, with a cause of action that originated more than twenty years before it was instituted. She is certainly barred from any recovery, not by reason of the ten years statute, but by reason of the fifteen years statute applicable to the recovery of real estate. It is true that at common law, and before the adoption of the Revised and General Statutes, there was no limitation to the assertion of a claim for dower; yet courts of equity fixed the period at twenty years, and denied a recovery after such a lapse of time. By our statute, "the words real estate or land shall be construed to mean lands, tenements, or hereditaments, and all rights thereto and interests therein, other than a chattel interest," &c. (General Statutes, chapter 21, section 13.) The claim to dower is not the assertion of a mere personal right or a chose in action; it is a right to real estate. (2 Scribner on Dower, page 33, section 21.) The widow claims that she is entitled to have assigned her one third in value of this real estate during her life. When assigned to her she has an estate of freehold, and it is difficult to arrive at any other conclusion than that the recovery, if successful, is of real estate, and not a mere chattel interest.

In the case of Kinselving v. Pierce, reported in 18 B. Monroe, this court said a purchaser from the husband, by express contract, may purchase subject to the wife's claim

for dower, and that in such a case his holding would be pre-
sumed to be consistent with his purchase, &c. ; but where,
as in the case then being decided, the purchaser denies the
right, and claims and holds the land as his own, his posses-
sion is not only adverse to the vendor, but to all claiming
under him.   The *widow's right* of action accrues upon the
death of her husband, and unless the possession be expressly
held subject to her claim by the vendee, *her right of action
will be barred by the statute of limitations.*   This case shows
that since the adoption of the Revised Statutes this court
has regarded the statute of limitations as affecting the claim
for dower like other actions for real estate, and it is manifest
that, with the absolute title acquired from the husband, no
actual possession is necessary to bar the wife's claim for
dower.   The purchaser from the husband held and acquired
the same possession that the husband of appellee had, and
for a wrongful entry on this land after the purchase these
vendees could have maintained their ejectment; and when
the widow attempts to enter, or calls on the chancellor to
disturb their title by assigning her dower, they may inter-
pose the fifteen years statute, if that time has elapsed since
the disability of the appellee was removed, for then her cause
of action accrued.

The judgment below is reversed, and cause remanded,
with directions for further proceedings consistent with this
opinion.