Williams v. Williams, &c.

CASE 57—PETITION EQUITY—DECEMBER 14.

# Williams v. Williams, &c.

| 89 | 381 |
| 98 | 489 |

APPEAL FROM PENDLETON CHANCERY COURT.

1. DOWER—LIMITATION.—No right of action to recover dower accrues to the wife until the death of the husband, and limitation does not begin to run against her until then.
2. SAME.—When the wife's right to dower in land, of which the husband was seized during coverture, has never been relinquished, no adverse possession as against the husband, however long continued, can affect the wife's right to recover dower after his decease.

DOUGHERTY & BONAR, C. H. LEE FOR APPELLANT.

No right of action accrued to appellant until the death of her husband, and, therefore, limitation runs only from that date. (Bransom, &c., v. Thompson, &c., 81 Ky., 638; Anderson's Trustee v. Sterritt, &c., 79 Ky., 499; McGuire v. Bowman and Others, 6 Bush, 550.)

O'HARA & BRYAN, W. M. & C. A. RARDIN FOR APPELLEES.

1. The appellant claims through Felix Williams, and her claim is barred by the thirty years statute. (Conner v. Donner, 4 Bush, 631; Medlock v. Suter, 80 Ky., 101; Bransom, &c., v. Thompson, 81 Ky., 387.)
   The claim to dower is not the assertion of a mere personal right or a chose in action; it is a right to real estate. (2 Scribner on Dower, p. 33, sec. 21; 79 Ky., 503.)
2. When appellee, in 1846, took possession of this land as his own, then a possession not under, but hostile to, Felix Williams began and contined for more than thirty years, which worked a complete extinguishment of the title of Felix Williams, and, of necessity, this possessory title in appellee extinguished the inchoate right of dower in appellant. (Gully v. Roy, 18 B. M., 107.)
3. Appellant's claim should have been prosecuted within three years after the death of her husband, and under that statute, as well as the thirty year statute, she is barred.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Pope Williams died intestate in 1834, the owner of a considerable tract of land, and leaving nine children as his heirs. One of them, Felix Williams, married the

appellant, Elizabeth B. Williams, in 1839. The testimony does not clearly show a division of the land among the heirs; but it is probable one was had in 1842 or 1843.

It is claimed the appellant and her husband sold his interest in a portion of the land in 1843 or 1844 to their brother-in-law, one Byrd, and he in 1845 or 1846 to the appellee, E. P. Williams. The latter, and those claiming under him, have had the actual possession of it ever since his purchase, claiming it as their own.

Felix Williams died July 27, 1883; and the appellant, as his widow, brought this action on July 31, 1886, to recover dower in the land. The three requisites to entitle her to it at common law are shown, to-wit: the marriage, seisin by the husband, and beneficially so during the coverture, and his death. Unless, therefore, she has in some legal mode been divested of the right, she is entitled to relief.

The appellees defend, upon the ground that she and her husband sold and conveyed the land to Byrd; and if not, that then the adverse possession for so long a time bars a recovery by her. No writing evidencing any sale is produced. There is no deed of record, and search has been made at the proper places, and inquiry of the proper persons, and none found.

We can not doubt, however, but what the husband at the time named sold his portion of the land. All the circumstances say so. He remained near the land until 1839, and long after his removal from the State returned to its vicinity for a protracted visit. During all this time, he knew his portion of the land was adversely held and claimed; and yet from the time when

it is claimed he sold to Byrd until his death, he never set up any claim to it.

We can not presume, however, that a deed was executed by the appellant. None is produced or shown to have been executed by her; and unless this was done, and it recorded, her then inchoate right of dower did not pass, although a sale was made by the husband. She testifies that she never joined in any deed, and never knew of any sale of the land. One witness says she told him that they (her husband and herself) had sold and conveyed it. He is, however, interested adversely to her in this litigation, and is contradicted by her.

Not having parted with her right, is she now prevented, by lapse of time, from asserting it?

This State of case is presented. The appellees assert a sale by the husband and wife. The appellant denies it; and it is urged in argument for the appellees that if her denial be true, yet she can not recover because of the adverse holding of the land for over forty years. In short, if she conveyed she has no right; but even if she did not, and her version be true, then limitation defeats her.

The last question remains to be considered.

Article 1, chapter 71, of the General Statutes provides: "Section 1. An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims.

"Section 2. If, at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married woman or

·of unsound mind, then such person or the person claiming through him may, though the period of fifteen years has expired, bring the action within three years .after the time such disability is removed.

"Section 4. The period within which an action for the recovery of real property may be brought ˙shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first ·accrued to the plaintiff, or the person through whom he claims, by reason of any death, or the existence or ·continuance of any disability whatever."

Manifestly neither the three nor the fifteen nor the thirty years statute applies to the appellant's claim. It is true she sues to recover a freehold estate, and that the right of dower is a right to real property. (Anderson's Trustee, &c., v. Sterritt, &c., 79 Ky., 499.) Her right is only inchoate, however, when marriage ·and seisin in the husband concur. It is consummate at his death. During his life she has only a mere .shadowy expectancy, or future contingent interest. No right ·of action accrues to her as to it until his ·death. It, of course, never did accrue to the husband, and, therefore, the limitations provided by the sections of the statute above cited do not apply to the case in hand or forbid a recovery.

It is urged, however, that the adverse holding against the husband had before his death continued so long as to extinguish his title, and that as he was barred of .a recovery long before his death, therefore the widow ·can not. be endowed.

Waiving the undoubted fact that the appellees claim ·through the husband of the appellant, we will consider

whether an adverse holding, so long continued before the husband's death, but not before the marriage, as to vest the disseizor with a right, and toll the husband's right of entry, will defeat the wife's claim to dower.

Upon first thought one might suppose it would do so. The wife is, however, endowable under our law not of what the husband may be seized of in fee-simple at his death, but of any real estate so held by him at any time during the coverture.

The statute says: "After the death of the husband the wife shall be endowed for her life of one-third of the real estate of which he, or any one for his use, was seized of an estate in fee-simple at any time during the coverture, unless her right to such dower shall have been barred, forfeited or relinquished." (General Statutes, chapter 52, article 4, section 2.)

The dower estate arises in perfection at the death of the husband. It relates back, however, by virtue of the inchoate right, and embraces any real estate beneficially held by him in fee-simple at any time during the coverture. The wife can not be heard until she becomes a widow, and the law is unwilling to make the silence of a party deprive her of a right, when it, at the same time, forbids her to speak.

The statute of limitations is founded upon the idea that if one has a right, and neglects to avail himself of the remedy which the law affords within the time limited, it is to be presumed he has abandoned the right. It would be unreasonable to divest the wife of her inchoate right of dower for non-action when she has no power to protect or save it, and is

guilty of no laches. If so, she would suffer from silence enjoined by law. This would be paradoxical. Limitation can not justly run against her right, because every such statute rests for its existence upon the laches of the party to be affected by it.

From its earliest history the common law has favored the right of dower, because it is necessary to the support of the widow and the nurture of her children. It will not, therefore, admit of its defeat by the acts or laches of the husband.

Washburn on Real Property, volume 1, page 218 (ed. of 1862), says: "So far as the statute of limitations grows out of the supposed right to presume a title from long adverse enjoyment by the person in possession, it could not well apply to the case of dower, since, upon the death of the husband, the wife is not seised, nor has she a right of entry."

Again, on page 250: "At common law, the moment her coverture and her husband's seisin concur, she acquires a right which nothing but her death or her voluntary act can defeat, unless it be by an exercise of sovereignty by the forms of the law in appropriating the estate of the husband to a public use. No adverse possession, therefore, as against her husband, however long continued, can affect her right to recover dower after his decease."

He is sustained in this view both by decision and other text-writers.

The same rule will be found more fully laid down in 2 Scribner on Dower, p. 579. It is there declared that an adverse occupation of the premises during the life of the husband can not affect the rights of the widow;

that she cannot be prejudiced by his laches, nor her inchoate right affected by his act, or that of a third person.

In the case of Durham v. Angier, 20 Me., 242, there had been an adverse holding for over twenty years before the husband's death, and the widow was allowed dower.

The court, in its opinion, says: "Nor can the neglect of the husband to enter, during his life, destroy the right of his widow."

The case of Hart v. McCollum, 28 Ga., 478, is to the same effect.

There, the husband had been disseized for about twenty-three years at the time of his death; but the court said: "The mere failure of the husband to sue for lands of which he was once legally seized during the coverture, until the statute of limitations attaches as against him, does not exclude the wife's right to dower in said lands—a right which she may assert when she becomes discovert."

In Moore v. Frost, 3 N. H., 126, the same rule was applied, and we have not been able, after a careful investigation, to find any counter authority.

The case of Hawkins v. Page's Heirs, 4 Monroe, 136, so far as it relates to this question, merely decides that where the husband, by adverse possession, has acquired the right to land, his widow is entitled to be endowed.

The case now presented is unlike that of a husband selling the wife's land. In such a case, she may sue at once. Nor is it one where the disseizor's right, by adverse possession, to the husband's land, becomes perfect

before marriage, and the husband, therefore, has no title at any time during the coverture; but it is one where the husband was seized in fee-simple during the coverture, and the right of the wife has never been "barred, forfeited, or relinquished."

She is, therefore, entitled to dower; and the judgment is accordingly reversed, and cause remanded for further proceedings consistent with this opinion.