PHEBE LUCAS v. MAURICE WHITACRE, Appellant.

Adverse Possession: WIFE'S INCHOATE INTEREST: LIMITATIONS. A
1    wife is entitled upon the death of the husband to a one-third-
interest in all lands owned by him during coverture to which
her interest has not been legally divested, and title by adverse
possession against the husband does not affect her inchoate
right, as the statute does not commence to run against her
until the husband's death.

Pleading: ALLEGATION OF OWNERSNIP. In an action by the widow
2    to recover her distributive share of the lands owned by the
husband during coverture, the allegation of ownership suffi-
ciently negatives the loss of her interest by relinquishment or
otherwise.

*Appeal from Muscatine District Court.*—HON. JAMES W.
BOLLINGER AND HON. P. B. WOLFE, Judges.

TUESDAY, OCTOBER 13, 1903.

THE plaintiff was married to Edward W. Lucas Sep-
tember 29, 1852, and lived with him as his wife until his
death, which occurred December 17, 1900.   On July 28,
1853, he and one Gilman Folsom acquired in severalty
thirty-nine acres of land in Muscatine county.   She alleges
her ownership of an undivided one-third of one-half
thereof, and prays that title thereto be confirmed in her.
The defendant, in the first division of his answer, denied
the ownership alleged, and in the second and third divisions
pleaded that the land had been occupied by himself and
grantors adversely for more than forty years.   A demurrer
to the last two divisions was sustained, and on hearing
decree was entered as prayed.   The defendant appeals.—
*Affirmed.*

*E. C. Nichols* and *Remley & Ney* for appellant.

*O. A. Byington* and *Titus & Jackson* for appellee.

LADD, J.—Lucas was seised of an undivided one-half interest in the land, and lost title thereto through adverse possession.   All this happened when husband of the

1. ADVERSE POSSESSION: wife's inchoate interest: limitation. plaintiff.   Was she divested by such adverse possession of her inchoate interest therein, or is she entitled to a widow's distributive share in the property?   Our Code (section 3366) provides that: "One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him."   Prior to her husband's death her right was merely that of expectancy. It attached as an incident to the seisin of the husband during marriage.   It could not be defeated or divested by any act or charge of the husband, or otherwise, save in the manner provided, though probably subject to proceedings to which all estates are held, such as eminent domain and the like.   See *Flynn v. Flynn*, 171 Mass. 312 (50 N. E. Rep. 650, 42 L. R. A. 98, 68 Am. St. Rep. 427).   But upon his death it became perfect, and related back, and comprised one-third of all real estate held by him during coverture.   She could not be heard to assert title prior to becoming a widow, though the law will not wholly deny protection to even an inchoate interest in property.   *Buzick v. Buzick*, 44 Iowa, 259.   The period of limitations is uniformly held to begin to run from the time a right of action accrues, and surely the wife cannot be said to have lost her inchoate right of dower by non action when she has been without power to save or protect it by suit.   She could not have done so prior to her husband's death. And therefore the statute did not run against her.   But is she bound by her husband's failure to protect his real property from the adverse claims of others?   The language of the statute will not bear this construction.   It is not

the interest held by him at death, but at any time during coverture, in which she is awarded a share; and no act of omission or commission on his part can deprive her thereof save that which results from execution or other judicial sale. "The mere failure to sue for the lands, of which he was legally seised during coverture, until the statute of limitations attaches against him," declared the court in *Hart v. McCollum*, 28 Ga. 478, "does not exclude the wife's right to dower in said lands—a right which she may assert when she becomes discovert." The same conclusion was reached in *Durham v. Angier*, 20 Me. 242; *Moore v. Frost*, 3 N. H. 126; *Williams v. Williams*, 89 Ky. 381 (12 S. W. Rep. 760, 6 L. R. A. 637); *Taylor v. Lawrence*, 148 Ill. 388 (36 N. E. Rep. 74); *Lucas v. White*, 120 Iowa, 735, and cases cited therein. Appellant cites numerous decisions to the effect that adverse possession extinguishes the right, and vests a perfect title in the adverse holder. But this language is invariably directed to the claim of a particular individual, and never toward one against whom adverse possession cannot be asserted. The vice of appellant's argument lies in the assumption that there has been adverse possession as to the wife. It would be absurd to say the statute could run against her in the absence of any provision for the protection of her right. Her right of action accrues the instant of her husband's death, and not until then does the period of limitation fixed by section 3447 begin. Nor can her inaction be construed a relinquishment when nothing she might have done could have tolled the running of the statute against her husband. Appellant has cited no authority sustaining his view of the law, and we have found none. We have no notion of amending the statute, and can only give it effect by holding that adverse possession of land seised by the husband in his lifetime will not cut off the wife's inchoate interest therein, but that she can maintain an action therefor after his death.

II.   The petition did not, in terms, negative the loss of plaintiff's inchoat interest in the property by execution or other judicial sale, or by her own relinquishment, and 2. PLEADING allegation of ownership. it is urged that because of this omission the demurrer to the divisions setting up adverse possession as a defense should have been overruled.   It is apparent from the facts alleged in the petition that plaintiff is claiming her distributive share in the property, and the allegation that she is owner thereof negatives its loss in the manner suggested.   In a sense the averment of ownership is a conclusion, but no more so than would have been the statement that she had not been divested of her inchoate interest in any of the ways mentioned.   It is generally treated as an averment of fact unless the context shows otherwise.   *Heeser v. Miller*, 77 Cal. 192 (19 Pac. Rep. 375); *Saline County Com'rs v. Young*, 18 Kan. 445; *Grace v. Ballou*, 4 S. D. 333 (56 N. W. Rep. 1075); *Gillett v. Robbins*, 12 Wis. 329; 21 Ency. P. & P. 718; *Ely v. Ry. Co.*, 129 U. S. 291 (9 Sup. Ct. Rep. 293, 32 L. Ed. 688).   We think the allegation of ownership under the circumstances sufficiently negatived the loss of her dower interest during coverture.—AFFIRMED.