## Newsome v. Reynolds et al.

(Decided Feb. 4, 1936.)

STRATTON & STEPHENSON for appellant.

J. A. RUNYON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

G. J. Newsome, a resident of Pike county, died intestate in July, 1918, leaving a widow, Fannie Newsome, and nine children. G. J. Newsome, at the time of his death, owned two tracts of land located in Pike county, one containing 10 acres, and the other approximately 100 acres. Some time prior to 1922 his widow married Charlie Reynolds, and on November 17, 1934, she brought an action in the Pike county court for the division of the land owned by her deceased husband at his death. She asked that dower be allotted to her, and that the remainder of the realty be divided among the owners of the fee. Charlie Reynolds, Verda Newsome McCoy, Edgar Newsome, Ella Newsome, and W. J. Newsome were named defendants. She alleged in her petition that the defendant, Charlie Reynolds, had purchased the shares of four of the children and owned four-ninths of the land, subject to her dower, and that the defendant, W. J. Newsome, owned a two-ninths interest, as he had purchased the shares of two of the children. It was further alleged that the defendants,

Edgar Newsome and Ella Newsome, each owned a one-ninth interest. Thus, the ownership of only eight-ninths of the land was accounted for.

Fannie D. Newsome filed an answer and counter-claim, in which she alleged that she had purchased the shares of two of the children, and owned two-ninths of the land. She denied that the plaintiff was entitled to dower, and alleged that she had elected to take homestead in the property which had been abandoned. She later filed an amended answer and counterclaim, in which she alleged that the plaintiff, Fannie Newsome Reynolds, and Charlie Reynolds, in consideration of $1,000, sold and conveyed to her all the right, title, and interest in the land described in the petition, and she prayed that the petition be dismissed; that the land be partitioned, and that she be allotted two-ninths thereof, according to quantity, quality, and value; and that the remainder be partitioned among the children and heirs at law of G. J. Newsome. This amended answer and counterclaim was filed on January 5, 1935. On the same day, Fannie D. Newsome filed a motion to transfer the case to the Pike circuit court. This motion was overruled, and on January 25, 1935, three commissioners were appointed, and a judgment was entered directing them to go upon the land and partition it among the parties as follows: To Fannie Newsome Reynolds one-third as her allot-ment of dower, to Charlie Reynolds four-ninths of the remainder, to Fannie D. Newsome two-ninths, and to Edgar Newsome, Ella Newsome, and Verda Newsome McCoy, one-ninth each. From that judgment Fannie D. Newsome has appealed.

By virtue of subsections 1 and 12 of section 499 of the Civil Code of Practice, county courts and circuit courts have concurrent jurisdiction of partition pro-ceedings, and from a final judgment rendered by either court an appeal may be taken to this court. Subsec-tions 10 and 11 of section 499 of the Civil Code of Practice read as follows:

"10. A party summoned may, by answer, con-trovert the allegations of the petition or contest the rights claimed therein; and, thereupon, the case shall be tried and decided as an ordinary action, but without the intervention of a jury.

"11. If the action be pending in the county court when such answer is filed, it may be removed, on motion of either party, to the circuit court for trial; and the clerk shall, thereupon, deliver the papers pertaining to the case to the clerk of the circuit court."

A claim to dower is an assertion of a right to an interest in real estate. Anderson's Trustee v. Sterritt, 79 Ky. 499. The answer and counterclaim of Fannie D. Newsome put the title to the land in issue. By section 966 of the Kentucky Statutes, circuit courts are given exclusive jurisdiction of actions in which the title to real property is in question. The county court, therefore, clearly erred in overruling appellant's motion to transfer the case to the Pike circuit court. Duke v. Allen, 198 Ky. 368, 248, S. W. 894; Hunt v. Phillips, 105 S. W. 445, 32 Ky. Law Rep. 257; Salyer v. Arnett, 62 S. W. 1031, 23 Ky. Law Rep. 321.

It may be said in passing that many irregularities in the proceedings appear in the record, but it is unnecessary to consider them, since, for the reason indicated, the judgment must be reversed.

Judgment reversed.