NicholsON, C. J.,
delivered the opinion of the court.
This bill was filed by Elizabeth Keys as widow and administratrix of John Keys, deceased, against his heirs and distributees for the purpose of settling questions arising under an article of separation between deceased and complainant, Elizabeth, to settle conflicting claims of some of the heirs as to lands held under parol gifts, to have dower allotted to the widow, and to have the lands sold for partition.
The question under the article of separation arises under the following facts:
In 1856 John Keys and his wife, Elizabeth, agreed to separate, and at the time, or soon after the separation, she and her brother, Enos Kincheloe, as her trustee, executed a bond in the penalty of $3,000, payable to John Keys, conditioned that with certain personal property' and choses in action therein enumerated, she would maintain herself and an infant son, the child of their marriage, and that she would set up no claim to dower or a year’s support after his death. The property specified was taken into possession by the trustee, with whom the complainant, Elizabeth, lived during the separation. After, living apart for some three months, the husband made application to his wife to return home and live with him. She consented to do so upon his agreeing that the bond *429 should be set aside and held for nothing. She accordingly returned to his house and lived with him as his wife until his death in 1869.
It is clear that the bond was a nullity so far as the wife was concerned, and according to the proof it was to be destroyed upon her returning to live with her husband. He became at once entitled to all the property she had received from him upon her separation. "We think the proof shows satisfactorily that the property, except a note of about $400, was returned to the husband; and it is shown that after the reconciliation the wife collected this note and vested the money in the purchase of a tract of land, taking the title in her own name, with the knowledge and consent of her husband. The Chancellor held that the bond was rendered nugatory by the reconciliation and reunion of the parties, but that Kincheloe, the trustee, was liable to account for such of the' property as was not returned, and ordered such account to be taken. He also held that the $400 vested in the tract of land was the' money of the husband, and that the title be divested out of the wife and be vested in the heirs of John Keys. Prom these rulings the widow and Kincheloe have appealed.
The Chancellor erred in ordering an account against the widow and Kincheloe as to the property embraced in the bond. In the first place the bond can be regarded as of no further force after the wife returned home in pursuance of his agreement to destroy it, and thereupon Kincheloe ceased to have any authority or any responsibility as trustee. The property, after the *430 setting aside of the bond, belonged to the husband, and we think the proof shows that it was all restored to him except the note for $400. We concur with the Chancellor in his conclusion as to the ownership of the $400, but as it was invested with the husband’s knowledge and consent in the twenty-acre tract, and the title taken in the name of his wife, his heirs are estopped from setting up title to it.
The only other question for determination is presented by the appeal of James M. Keys. He claims sixty acres of land by parol gift from his father. The Chancellor held that the land belonged to the estate, and was subject to partition and to the widow’s claim for dower. From this holding he appeals. It is abundantly proved that he had occupied and claimed the land continually for more than twenty years before the death of his father, John Keys, under a parol gift, and that his father • all the time spoke of the land as belonging to and intended for his son. He had paid taxes on it all the time, and had put valuable improvements on it, his father setting up no claim, but acquiescing in the claim of ownership by his son. We think the facts make out a possessory right in the son, under our statutes, which had barred the father’s right of possession before his death. The legal title continued in the father, but his remedy for the enforcement of the right was barred by an adverse possession of more than twenty years. Haynes v. Jones, 2 Head, 372. As John Keys, at the time of his death, had no right of possession in the land, it follows that his widow could have no right to *431 dower. Apple v. Apple, 1 Head, 348. And the son is to be charged with the land as an advancement at its value at the time of the parol gift. 2 Head, 372.
The decree of the Chancellor, therefore, is reversed as to so much of it as orders an account against the widow and her trustee as to the property embraced in the bond of separation, and as to so much as subjects the sixty acres of land claimed by. James M. Keys to the right of dower, and to so much as decrees the twenty acres to the heirs of deceased. In all other respects the decree is affirmed. The cause will be remanded, that the decree as modified may' be executed. The costs of this court will be paid by the administrator and administratrix, out of the estate of John Keys, deceased.