SARAH A. CHASE *vs.* IRENE O. ALLEY and FREDERICK J. ALLEY.

Hancock. Opinion January 4, 1890.

*Dower. Limitations. Jointure. Assignment. Presumption of release. Practice. Wild land. R. S., c. 61, § 6; c. 103, §§ 9, 10, 16; c. 105, § 1; Eng. Stat. 27, Hen. 8.*

An action of dower is not barred by the statute of limitations until twenty years and one month after demand.

A conveyance to a married woman is not deemed a jointure, unless such intention is expressed in the deed or appears by necessary implication from its contents.

A conveyance of land to a widow, executed after the decease of her husband but in accordance with his express directions prior thereto is not to be deemed an assignment of dower against common right, in the absence of any evidence of such intention.

In an action of dower the defendant is not entitled to have the question of the presumption of a release of dower arising from the lapse of time, submitted to the jury, when the counter evidence is so overwhelming that a verdict for him would be set aside for that reason.

What constitutes wild land.

ON EXCEPTIONS.

This was an action of dower, in which the jury returned a verdict for the plaintiff.

After the testimony on both sides was closed the presiding justice, for the purpose of giving progress to the case, made a ruling that the plaintiff having made out a case was entitled to a verdict unless the defendants showed to the contrary; and that all the evidence submitted in behalf of the defense, giving it the most favorable construction it was susceptible of for the defendants, did not constitute a defense to the action. The defendants excepted to this ruling and instructions.

The case is sufficiently stated in the opinion.

*Deasy and Higgins,* for defendants.

Jointure: R. S., c. 103, § 9; 1 Wash. R. P. pp. 316, 317; 1 Cruise Dig. 160, 199; *Ambler* v. *Norton,* 4 Hen. and M. 23 (Va.); *Vernon's case,* 4 Co. 1; *Anon.* Owen, 33; *Villers* v. *Beamonth,* Dyer, 146, a; *Bubier* v. *Roberts,* 49 Maine, 466; 2 Scrib. Dower, p. 378, § 22; 2 Bl. Com. 138, note; 2 Eden, 60; *Walker* v. *Walker,* 1 Ves. sen. 54.

Assignment: Park Dow. 262; *Hale* v. *James,* 6 Johns. Ch. 258; *Jones* v. *Brewer,* 1 Pick. 314, 317; *Draper* v. *Baker,* 12 Cush. 288; *Pinkham* v. *Gear,* 3 N. H. 163; *French* v. *Peters,* 33 Maine, 396; *French* v. *Pratt,* 27 Id. 381; 1 Wash. R. P. p. 273, § 6; *Austin* v. *Austin,* 50 Maine, 74; *Fitzhugh* v. *Foote,* 3 Call, (Va.) 13; 2 Scrib. Dower, p. 88; *Mitchell* v. *Miller,* 6 Dana (Ky.) 79; *Johnson* v. *Neil,* 4 Ala. 166; *Robin* v. *Miller,* 3 B. Mon. 88; *Jones* v. *Powell,* 6 Johns. Ch. 194.

Limitation: *Durham* v. *Angier,* 20 Maine, 242; *Robie* v. *Flanders,* 33 N. H. 524; *Conover* v. *Wright,* 2 Halst. Ch. (N. J.) 613; *Kingsolving* v. *Pierce,* 18 B. Mon. 782; *Playsay* v. *Dozier,* 1 Can. Court, Treadw. 112; *Merrill* v. *Shattuck,* 55 Maine, 370; *Curtis* v. *Hobart,* 41 Id. 230; *Luce* v. *Stubbs,* 35 Id. 92.

Presumption of release: *Barnard* v. *Edwards,* 4 N. H. 321.

Wild land: *Johnson* v. *Perley,* 2 N. H. 56; *White* v. *Cutler,* 17 Pick. 248; *Connor* v. *Shepherd,* 15 Mass. 167.

*Wiswell, King and Peters, B. E. Tracy,* with them, for plaintiff.

VIRGIN, J. Action of dower. The demandant having proved her marriage in 1854, the seizin of her husband until 1859, his death in 1862, and the statutory demand in 1888, is entitled to a judgment for dower, unless a legal defense is shown, which the court ruled had not been, giving the evidence the most favorable interpretation in behalf of the defendants of which it was susceptible; and the soundness of that ruling is before us on exceptions.

1. Is the demandant's right of dower barred by the statute of limitations from the fact that her action was not commenced or any demand made until twenty-six years after the death of her husband? We think not.

The statutory provisions cover the whole subject of dower and the mode and manner by which a widow may be barred of her action therefor, *Littlefield* v. *Paul*, 69 Maine, 527, 534; and this statute does not include in terms any limitation of an action of dower.

Before assignment in an estate of which her husband did not die seized, a widow has no estate or interest in, or right of entry upon the land of which she is dowable; her only right rests in a right of action to recover her dower. *Johnson* v. *Shields*, 32 Maine, 424; *Bolster* v. *Cushman*, 34 Maine, 428. Nor can she commence an action therefor until after demanding her dower she has given the tenant a month's opportunity to set it out to her without an action, which he failed to improve. R. S., c. 103, § 16. Moreover, generally, the statute of limitation is not set in operation until the right of action accrues; and when a demand is a prerequisite, it begins to run from the date of demand. *Codman* v. *Rogers*, 10 Pick. 112. Applying that general rule and the statute bar would not begin until one month after demand made in June, 1888.

Again, dower has exclusive reference to real estate. *Dow* v. *Dow*, 36 Maine, 211. With certain exceptions not material to this case, no person can commence a real or mixed action for the recovery of land, or make an entry thereon, "unless, within twenty years after the right to do so first accrues; or unless within twenty years after he or those under whom he claimed, were

seizcd or possessed of the premises." R. S., c. 105, § 1. This provision obviously has no application to an action of dower, since as before seen, the demandant has no right to make an entry before assignment or to bring an action until the expiration of one month after demand; but it applies only to actions, entries and claims based on some previous seizin or possession from which the limitation takes date. On like statutory provisions the same views have been taken. *Barnard* v. *Edwards*, 4 N. H. 107; *Robie* v. *Flanders*, 33 N. H. 524; *Parker* v. *Obear*, 7 Met. 24.

2. Jointure. In 1859, the demandant's husband being about to fail in Boston, conveyed without consideration to his cousin— Stephen Higgins, 3d—a fifty acre lot situated at Bar Harbor, which included about one acre of improved land with a new house thereon and another acre with an old house on it. The husband soon thereafter failed in business and removed to Bar Harbor into the new house where he died in 1862. Prior to his decease, in 1861, Stephen Higgins, 3d, by direction of the husband, conveyed to the demandant a life estate in the new house and lot. Did this deed constitute a jointure? We think there is no proper evidence of it.

At law a jointure did not bar dower until it was made so by St. 27, Hen. 8, *Harvey* v. *Ashley*, 3 Atk. 612; which has been substantially incorporated into our own statute. R. S., c. 103. It may be made after marriage; and when so made, "it bars the widow's dower, unless within six months after the husband's death, she makes her election to waive such provision and files the same in writing in the probate court." R. S., c. 103, § 9. Very many cases in early times involved the construction of marriage settlements and provisions in behalf of their widows by husbands in their wills. And much conflict exists among the opinions of the various courts. All such cases as to marriage settlements are now settled by our statute, R. S., c. 61, § 6; and as to wills, c. 103, § 10 which latter provision makes it the duty of the widow to waive any specific provision for her in the will, if she would have dower, and prevents her having both, unless such intention plainly appears in the will. But no such provision is made concerning conveyances by the husband to his wife during

coverture. To constitute a jointure by deed "it must be made and expressed in the deed to be in full satisfaction of her dower," (1 Wash. R. P. 299) "or such intention must appear by necessary implication from the contents of the instrument." 1 Greenl. Cr. 225. *Bubier* v. *Roberts*, 49 Maine, 460, 466. See language of Ld. Ch. King, in *Vizard* v. *Longdale*, Kelynge Ch. Cas. 17, also in note to *Dyke* v. *Randall*, 13 Eng. L. & Eq. 408; *Lawrence* v. *Lawrence*, 2 Vern. (1st. Am. Ed.) 365, where numerous cases are collected by the American Editor.

The deed in question is in the usual form of a deed of warranty, and purports to be given in consideration of one hundred dollars paid,—though the demandant admits that she paid nothing. It contains no conditions or other terms from which can be collected any intimation or suspicion of its being given as a jointure or in lieu of dower. Nor was it delivered to her; and if her testimony is to have any weight in the absence of any contradictory evidence, she neither knew nor had any expectation whatever of receiving such a deed, though she learned the fact some time before her husband's death in 1862.

The statute imposing on her the duty of making her election is predicated upon her knowledge of a jointure being made; else of course she could not be reasonably expected to make one between such a provision and her lawful dower. To have such knowledge rest in the memory of witnesses alone would render it too uncertain for all concerned, especially when the words "as a jointure" added to the instrument would put the intention beyond cavil, and her acceptance of the deed evidenced by occupation under it or subsequent conveyance without the statutory waiver, would bind her.

There are some cases of marriage settlements and provision in wills which courts in early times have decided to be jointures because circumstances seemed to point in that direction; but we are aware of no case like the one in hand. We are of opinion, therefore, that whatever might be our suspicions collected from extraneous circumstances, this deed cannot be deemed to have been intended and accepted as a jointure, since nothing contained therein discloses any such intention. This rule cannot injure sub-

sequent purchasers of the husband's estate, for the absence of the wife's signature on the deed from her husband to his cousin as disclosed by the public registry would at once inform them of the outstanding inchoate right of dower, and the deed to herself could not lead them into error.

4. Assignment. In January, 1863, following the death of the husband in 1862, Stephen Higgins, 3d, in accordance with the instructions of the husband in his lifetime, and on request of the demandant, quit-claimed to her the fee in the new house lot of which she was already the life-tenant; and thereafter she conveyed the same to one Douglass by her deed of warranty. Was this conveyance to her of the fee an assignment of dower "against common right"? The deed itself contains no suggestion that it was so intended, nor is there any evidence that it was accepted as such. She testifies that she obtained that deed because she desired to sell the property. Douglass testifies that she spoke of it during their negotiations as the "widow's rights," which she most emphatically denies in answer to a cross-interrogatory put by the defendants. And the witness, Grace, testifies that, in 1887 while on a visit at Bar Harbor, she said—"she should not try to get anything more if the property had not come up so at Bar Harbor." But this declaration does not necessarily imply that what she had already "got" was obtained as dower. We are of opinion that this transaction cannot be deemed an assignment of dower.

5. Presumption of release. Were the defendants entitled to have submitted to the jury the question of the demandant's release of dower arising from her twenty-six years of silence? We think not. Such a course was directed in an early case in which the lapse of time, the widow's subsequent continuous absence from the state and her intervening marriage, were the same as here. *Barnard* v. *Edwards*, 4 N. H. 321. But unlike that case here is the unqualified denial by the demandant that she "ever in any way released her right of dower." And the cousin, Stephen Higgins, 3d, who was the confidential friend of the husband and held in secret trust for him the title to the whole fifty acre lot, executed both deeds to her and those of the residue of the prop-

erty, was on the stand as a witness for the defendants and never suggested that any release of dower was mentioned. He had all the opportunity of knowing the facts; and his covenant of warranty in his deed of the property in which dower is now demanded made him interested in recollecting this fact, if true. The court could not be expected to let a verdict based upon a presumption alone stand against such counter evidence.

6. Neither do we think the defendants' position in relation to wild land tenable. To be sure several witnesses speak of some portion of the four acres as wild and uncultivated land. Still an acre or more was improved land and the remainder was more or less covered with alders and was somewhat swampy, and in spots hay had been cut and grass grew. At any rate, it was suitable for pasturing, though it had not recently been used for such purpose, and the trees or bushes might be beneficial for fencing purposes and it was contiguous to the cultivated land. *Stevens* v. *Owen*, 25 Maine, 94.

As no exceptions to the exclusion of evidence were included in the bill of exceptions, we give them no consideration.

*Exceptions overruled.*

PETERS, C. J., WALTON, FOSTER and HASKELL, JJ., concurred. EMERY, J., did not sit.