## MARY A. WINTERS v. JEREMIAH DeTURK.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BERKS COUNTY.

Argued March 5, 1890—Decided March 17, 1890.
[To be reported.]

1. As a widow's right of action for dower in land, which was conveyed by
her husband during the coverture without her joining in the conveyance,
accrues only at the husband's death, the statute of limitations does not
commence to run against her right, so long as her husband is alive.

2. There is no analogy between the effect of possession by a disseisor of
the husband, and that of possession by a vendee entering under him;
the former, if continued long enough, destroys the husband's title, caus-
ing the right of dower to fall with it; whereas, the latter is held under
the title of the husband and not adversely to it.

3. Wherefore, although a delay of twenty-one years after the husband's
death in bringing the action for dower will bar it, under § 2, act of
March 26, 1785, 2 Sm. L. 300, no length of possession, prior to the
husband's death, by one claiming under a deed from him, will have
that effect: Care v. Keller, 77 Pa. 487, distinguished.

4. Where the plaintiff's husband conveyed land for the benefit of creditors
in 1847, without the plaintiff joining, her right to recover by action
brought in 1888 after her husband's death in 1886, unaffected by the
statute, was also unaffected by a second deed of assignment of all her
husband's estate, real and personal, in 1876, in which she did join.

Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 211 January Term 1890, Sup. Ct.; court below, No. 20
May Term 1888, C. P.

On March 31, 1888, Mary A. Winters brought dower unde
nihil habet against Jeremiah DeTurk. The defendant pleaded,
ne unques seisie que dower, alienation by the plaintiff, and the
statute of limitations.

At the trial on September 25, 1889, the following facts were
shown: The plaintiff was the widow of one Isaac Winters, to
whom she was married on August 7, 1845. At the time of the
marriage, Isaac Winters was the owner of a lot of ground at
Blandon, Berks county, whereon was erected a dwelling-house.

Charge of Court below.

On September 7, 1847, being in financial difficulties, he conveyed said house and lot, and all other property owned by him, to assignees for the benefit of his creditors, by a deed in which the plaintiff did not join. The assignees sold and conveyed the lot to John Ohlinger, who took possession, and by several subsequent conveyances it finally came into the ownership and possession of the defendant on March 3, 1882.

On December 8, 1876, Isaac Winters made another deed of voluntary assignment for the benefit of creditors to William High, the plaintiff joining therein. This deed after describing specifically certain parcels of real estate, proceeded with the description of the property thereby conveyed as follows:

"Together with the entire stock in his said shoe store, and also all the goods, chattels and effects and property of whatever kind, real, personal and mixed, of the said Isaac Winters, except, however, so much as may be exempt from execution under the three hundred dollar law, and such personal property as belongs to the said Mary A. Winters, the wife, absolutely."

Isaac Winters died December 24, 1886. From the time of their marriage until his death, he and the plaintiff had lived together as husband and wife. The plaintiff first made demand for dower in July, 1887.

At the close of the testimony, the court, HAGENMAN, P. J.; after stating the facts, instructed the jury as follows:

Now it is claimed on the part of the defendant that the statute of limitations intervened and prevents the plaintiff from recovering. Wherever there is adverse possession of any real estate for a period of twenty-one years, the person who holds the adverse possession is entitled to hold it against all the world.

[It is claimed, on the part of the defendant, that the adverse possession began at the day of the signing of the deed of assignment, on September 7, 1847; the court, however, say to you that the statute of limitations did not begin to run from that date. The statute of limitations began to run only on December 24, 1886, and as this action is brought in 1888, that defence does not intervene.] [5]

Several points have been submitted on the part of the defendant which I will now answer:

1. The statute of limitations of 1785 applies to this action of

dower unde nihil habet, by the widow, for property which her husband had been seised, but which he had aliened before his death.

Answer: As a principle of law, the statute begins to run from the death of the husband, and if this point is intended to apply to this case, that is, so as to bar the plaintiff of her right to recover, it is answered in the negative.[1]

2. More than twenty-one years have elapsed, while the property was held adversely to the husband, before suit brought, and hence the widow cannot recover in this action.

Answer: This is answered in the negative.[2]

3. The plaintiff is barred in this action by the deed of herself and husband to William High, December 8, 1876.

Answer: This is answered in the negative.[3]

4. The action of dower is a real action depending upon the seisin of the husband; and, under all the evidence in this case, his period of re-entry at the time of his death was barred by the statute of 1785, and she cannot recover.

Answer: This is also answered in the negative.[4]

Now, gentlemen, [there is no dispute about the facts that this property at Blandon was purchased and owned by Isaac Winters at the time when he was married to the plaintiff; that, although the property passed by the deed of assignment of Isaac Winters, the deed not having been signed by Mary Winters, she is entitled to her dower in the property because the husband died only in 1886.] [6] She made a demand for her dower in July, 1887.

Now, if the jury find, and there is no dispute about the facts, that he was the owner of this property, and that she did not sign the deed, and the jury find that he died on December 24, 1886, [the plaintiff is entitled to a verdict.] [7]

The question is, what shall be the form of the verdict? The court say to you that the form of the verdict, as there is no dispute about the facts, shall be a verdict in favor of the plaintiff, and that Isaac Winters, the husband, did not die seised of these premises. I think that covers the whole ground that is necessary for your verdict.

The jury rendered a verdict for the plaintiff, with a finding that her husband, Isaac Winters, did not die seised of the prem-

ises.  After argument, a motion for a new trial was overruled,
HAGENMAN, P. J., delivering an opinion, which after stating the
facts proceeded:

Dower is where the husband of a woman is seised of an es-
tate of inheritance and dies.  In that case, the wife shall have
the third part of the lands and tenements whereof he was
seised, either in deed or in law, at any time during coverture,
to hold to herself for the term of her natural life.  To entitle
the wife to dower, three things are requisite : first, marriage ;
second, seisin of the husband, and third, his death.  All these
exist in the present case, as appears by the foregoing state-
ment of facts fully shown by the evidence.

No contention is made on either of these grounds, but the
defendant alleges that the plaintiff's right to dower is barred
by the statute of limitations.  That is the only question in the
cause.

It is a maxim of the common law that a right never dies,
and this is consistent with justice.  But, in the various and
complicated business affairs of life, it is extremely difficult to
retain the evidence to establish the proof of it.  If such evi-
dence be in writing, accident may destroy it, or it may be
mislaid or lost.  If it depends on verbal proof, death will bury
it in the grave of the witness.  Hence, the statute of limita-
tions was enacted, fixing different periods within which actions
shall commence for different causes.

It requires no citation of authorities to show that a party
must have a full and complete cause of action, before the
statute will begin to run.  The books are full of cases.  A
wife has no right to dower until after her husband's death.
She has no present title to the land, either legal or equitable.
It is only in the event that she survives her husband that her
right accrues, and then only has she a right of action.

The Supreme Court has settled that the widow's action for
dower belongs to the class of possessory actions, and that it
requires a period of twenty-one years of adverse possession to
bar her right to recover.  The defendant does not deny that
there must be an adverse possession of twenty-one years to bar
the widow's right to dower, but he contends that on the convey-
ance of Winters to his assignee in 1847, without the plaintiff's
joining, and the surrender of possession by him, the statute of

limitations runs during coverture. This point was ruled in Culler v. Motzer, 13 S. & R. 358. Justice DUNCAN in the opinion says: "I cannot assent to the doctrine of the Court of Common Pleas, that, where the husband conveys without his wife's joining, the statute of limitations runs during coverture. . . . . Where one enters under the right of the husband, the wife's right being created by the marriage and seisin, the seisin is not so disturbed as to make it adverse to the widow's right of dower, until the right is consummated by the husband's death, when the right of action first accrues. . . . . The rule of possession is, that where a person comes to the possession of land by his own agreement, and holds that possession, he, and all those claiming under him, must hold it according to the right of that possession, and cannot qualify it by any other right." The defendant insists that Care v. Keller, 77 Pa. 490, establishes a different doctrine, but we think that a careful reading of that case will show that the law remains as above stated, that the statute of limitations only begins to run from the death of the husband.

Judgment having been entered upon the verdict, the defendant took this appeal, assigning for error:

1-4. The answers to the defendant's points.[1 to 4]
5-7. The parts of the charge embraced in [ ] [5 to 7]

*Mr. A. S. Sassaman* (with him *Mr. I. C. Becker*), for the appellant:

The limitation enacted by § 2, act of March 26, 1785, 2 Sm. L. 299, is a complete defence to this action, dower being a real action within the operation of that section: Jones v. Patterson, 12 Pa. 149; Culler v. Motzer, 13 S. & R. 356; Rankin v. Tenbrook, 6 W. 388; Trickett on Limitations, § 113. When Isaac Winters conveyed the property in 1847, he parted with his seisin and possession. Thereafter the seisin of the grantee was adverse to the grantor and those claiming rights under him, and by the lapse of nearly forty-one years, without suit brought, the claim of the plaintiff was completely barred: Care v. Keller, 77 Pa. 487. Nor could the proviso contained in § 4 of the act of 1785, saving the rights of femes-covert, interfere with the operation of the statute against the plaintiff.

That proviso is repealed by § 1, act of April 22, 1856, P. L. 532, under which the bar becomes complete at the end of thirty years: Hunt v. Wall, 75 Pa. 416. The deed of December 8, 1876, which speaks for itself, and is sufficient to embrace every interest of which Isaac Winters was seised during the period of the plaintiff's coverture, prior to its date, is likewise a bar.

*Mr. John H. Rothermel* (with him *Mr. Rothermel*), for the appellee:

· Where the husband conveys, without the wife's joining in the conveyance, the statute of limitations does not begin to run against her right of dower until the death of the husband: Culler v. Motzer, 13 S. & R. 356; Dougherty v. Snyder, 15 S. & R. 84; Hall v. Vandegrift, 3 Binn. 374; 1 Washburn on Real Prop., 217; 2 Scribner on Dower, § 523–543; 1 Hilliard on Real Prop., 177; 5 Am. & Eng. Encycl. of Law, 920; Trickett on Limitations, 137, § 103; Care v. Keller, 77 Pa. 487.

OPINION, MR. CHIEF JUSTICE PAXSON:

At common law a wife was entitled to dower out of any lands of which her husband was seised at any time during coverture. Under our law, the wife may convey her right to dower by joining with her husband in the deed. But if the husband convey his land without his wife so joining and executing the deed as prescribed by the act of assembly, her dower rights do not pass, and she can claim them after the death of her husband. In this case, the husband conveyed the real estate in controversy in 1847. His wife did not join in said conveyance, nor did she in any manner release her dower rights. The title to the property finally became vested in Jeremiah DeTurk, the appellant and defendant below. Isaac Winters, the husband and grantor, died in 1886, and shortly thereafter this claim for dower was made by his widow out of the land in the possession of the appellant. It was resisted upon the ground that it was barred by the statute of limitations. The learned judge below thought otherwise, and, there being no facts in dispute, directed a verdict in favor of the plaintiff.

It is difficult to see how the statute can run against any person until his or her right has accrued. No right accrued to the

widow in this case until the death of her husband, and it would seem to follow logically that the statute could not commence to run until then. It was so held in Culler v. Motzer, 13 S. & R. 356, where it was said by Justice DUNCAN: " I cannot assent to the doctrine of the Court of Common Pleas, that where the husband conveys without his wife's joining, the statute of limitations runs during the coverture. If the entry and possession had been adverse to the husband's right, and his right of entry had been barred by the statute of limitations, the widow's dower would have been barred. Our act of limitations comprehends, as well all possessory actions as all real actions ; but here, the entry was not adverse to the right of the husband. All was a continuation of the same inheritance, and therefore the statute would not begin to run until the death of the husband." In Hall v. Vandegrift, 3 Binn. 374, the principle is laid down that, " it is the spirit of the act of limitations to allow twenty-one years from the time that a person might make an entry, and support an action, the statute not stopping after it has begun to run, in consequence of infancy, coverture, or any other disability. But if a party has not a right of entry, but only a possibility which may give a right of entry at a future day, the statute does not run against him until that right accrues. Hence, notwithstanding the next heir in tail releases to the tenant in tail in possession, the statute does not run against the releasor until the death of the tenant in tail without issue." The principle indicated in these cases could be fortified, were it necessary, by copious citations, not only from the text-books, but from the decisions both in this country and in England, but I apprehend the law is too well settled to require it.

Care v. Keller, 77 Pa. 487, was cited with much confidence in support of the opposite view, but a careful examination of it shows that it is not authority for the principle contended for by the defendant. It is true the broad principle is there asserted " that the statute of limitations of 1785 applies to an action of dower unde nihil habet, brought by a widow for property of which her husband had been seised, but which he had alienated before his death." This principle is not denied, and, had the plaintiff delayed her action for twenty-one years after her husband's death, I concede her right of action would have been

barred by the statute.    This was precisely the case in Care v. Keller.    There the plaintiff claimed as the widow of John Keller.    Her husband sold the real estate by articles of agreement to George Keller.    This contract was afterwards enforced specifically by a decree of the Orphans' Court.    John Keller, the vendor, died in March, 1846.    George Keller, his vendee, moved on the premises the following April, and remained in possession, as owner, until 1848, when the administrator of John made him a deed for the property in pursuance of the decree of the Orphans' Court for specific performance.    The widow brought her suit for dower within twenty-one years from the date of the deed, but more than twenty-one years from the time when George Keller took possession of the land under his contract, and the court held that her right of action accrued " when the vendee, by some unmistakable act or declaration, after the death of the vendor, asserted his right under the contract, and claimed the ownership of the land ; " and that the estate was equitably converted by the contract, and specific performance under the decree related back to the contract of sale, in giving effect to the rights acquired under it.    That the question we are now discussing was not raised or considered in that case is clear, from the foregoing review of it.    The widow's right accrued, and was lost by her failure to prosecute it within twenty-one years.

It requires but a cursory examination of the act of 1785 to see that it applies only to cases where a right of entry or a right of action has accrued, and that the statute commences to run only from that time.    This has been expressly decided : Hall v. Vandegrift, supra ; Shepley v. Lytle, 6 W. 500 ; Poe v. Foster, 4 W. & S. 355 ; Marple v. Myers, 12 Pa. 125.    It was not error, therefore, for the learned judge below to refuse the defendant's first point as applicable to this case.    He correctly said in answering it that the statute began to run from the death of plaintiff's husband, and for this reason the point did not apply to the facts of the case.    Nor was there error in refusing defendant's second point.    It assumed a fact not in the case, viz., that the property had been held adversely to the husband for more than twenty-one years before suit brought. There was no such adverse holding.    On the contrary, the defendant held under the title of the husband, and not adversely

to it. There is no analogy between such a case and that of a disseisor who has turned husband and wife out of possession, and holds adversely to them for twenty-one years. In that case, the title and seisin of the husband is destroyed, and with the destruction of the husband's title the right of the wife to dower falls with it. So, if the premises are sold by a judicial sale for the husband's debt. In such case, the purchaser takes and holds adversely to his title. But, where a husband makes a voluntary conveyance of his title to a purchaser without his wife joining therein, her rights do not pass by such conveyance; her right of action does not accrue until her husband's death, and the statute does not run against her until then.

Judgment affirmed.