S. H. BOLING, Appellee, v. CALEB CLARK et al., Appellants.

1.   Homestead: CONVEYANCE BY HUSBAND: ADVERSE POSSESSION: QUIETING TITLE.  Ten years of continuous, open, notorious and adverse possession of real estate under a claim of right based upon a contract for a deed to a part of a homestead, executed by the husband alone, is sufficient to entitle the holder to maintain an action to quiet his title as against the homestead interests of the wife

VOL. 83—31

2. ——: ——: ——: DOWER. But the wife's inchoate right of dower in such property is not in any manner affected by adverse possession.

*Appeal from Madison District Court.*—HON. J. H.. HENDERSON, Judge.

FRIDAY, OCTOBER 16, 1891.

THIS is an action in equity to quiet the title in the plaintiff to five acres of land. There was a decree for the plaintiff,. and the defendant Ruth Clark appeals. *Modified and affirmed.*

*John Leonard & Son,* for appellants.

*Dabney & Guiher,* for appellee.

ROTHROCK, J.—I. The cause was submitted to the court upon an agreed statement of facts, which are in substance as follows: The defendants were married in 1851, and have since that time lived together as husband and wife. At about 1855 they took up their residence upon a tract of land consisting of twenty-five acres. The title was taken in the name of said Caleb Clark, and the said land or part thereof is still used and occupied by them as a homestead. They have all these years lived in the same house and in the. same place on the land. Afterwards they sold and conveyed twelve acres off the north end of said tract. They are now in the possession of eight acres of the land, and the controversy in this action is whether the homestead right and inchoate dower right of the wife still remains in the five acres not now in their possession. The facts as to the five acres are that, in the year 1856 or there-abouts, the said Caleb Clark sold and entered into a contract to convey said five-acre tract to one Philbrick for the sum of one hundred and twenty-five dollars,

*2. HOMESTEAD: conveyance by husband: adverse possession: quieting title.*

one-half of which sum was paid. The other half of the consideration was not paid, and no deed of conveyance was ever made by Clark to Philbrick. In the year 1856, Philbrick conveyed the land by deed to one Rhodes. On the twenty-fifth day of June, 1869, Rhodes conveyed the land by deed to one Munger. In the year 1872, Munger, under claim of right, took actual possession of said five acres. In 1873, Munger conveyed the land to M. E. Bedford, and in 1889 Bedford conveyed to the plaintiff.

The plaintiff and his grantors have paid the taxes on the land in controversy since the year 1865, and they have been in the actual possession thereof under claim of right since the year 1872. This action was commenced on the twenty-seventh day of November, 1889. The said Caleb Clark made no defense to the action. Ruth Clark answered, setting up her homestead and inchoate right to dower in the land. The homestead right is based upon the claim that she has never been divested of said right by a conveyance which she and her husband concurred in and signed the same joint instrument as required by section 1990 of the Code. The plaintiff claims that, as he, and those under whom he claims, have been in the continuous, open, notorious and adverse possession of said land under claim of right since the year 1872, such possession has ripened into a perfect title, which he can assert and maintain against all the world. We have held that such a title creates not only a defensive right, but that it is an affirmative right, which may be asserted and maintained in an action to quiet title. *Cramer v. Clow*, 81 Iowa, 255. Some question is made by counsel for the appellant as to whether the possession of the plaintiff and his grantors was adverse. We think this is conceded by the agreed statement of facts and the pleadings in the case. The possession was exclusive, open and notorious and continuous under claim of right, and the

claim of right can have reference to no other claim than that founded upon the deeds of conveyance of the several parties. When the possession was taken by Munger, and at any time thereafter for the period of ten years, as fixed by section 2529 of the Code, the defendant Ruth Clark could have maintained an action to recover the possession of the five acres in controversy. Under the statutes of this state, the fact that she was a married woman did not preclude her from maintaining such an action. If we were to so hold, it would be within the power of the husband to practically deprive the wife of the occupancy of at least part of the homestead. In *Adams v. Beale,* 19 Iowa, 61, it is said: "The right of the wife to the homestead of the husband and her interest in it are permanent, fixed and substantial. They are not merely possible, remote or contingent. Her rights and interests are in possession and enjoyment, and not merely in expectancy or dependent." She has the undoubted right to maintain an action to preserve her homestead, or any part thereof. Having this right, is there any good reason why she should not commence her action within the ten years fixed by the statute? We can discover none. And she has no more right to interpose a defense against a title by adverse possession than she has to maintain an action. There is nothing in all the law we have upon homesteads which in any sense limits the operation of the statute of limitations.

II. The decree quieted the title in the plaintiff, and no mention is made therein of the inchoate or prospective right of dower of Ruth Clark in the land. As she has never joined in any conveyance, and her right to assert dower depends upon her surviving her husband, and is not in any manner affected by adverse possession, the decree should have excepted her inchoate right of dower from its operation. Counsel for the appellee do not argue

2. —: —: —: dower.

this question, and we assume that they concede that the decree should be modified in this respect, and it will be so modified. MODIFIED AND AFFIRMED.