## BUTCHER v. BUTCHER.

1. ADVERSE POSSESSION—DOWER—ALIMONY—LIMITATIONS.
    Evidence examined and *held* that defendant's occupancy of land under a conveyance from his father was adverse to the dower and alimony claims of his mother during the whole period of limitations, notwithstanding her residence there with him during a part of the period.

2. LIMITATION OF ACTIONS—PLEADING—ESTOPPEL.
    The defect of failure to plead exclusive possession in a plea of limitations cannot be taken advantage of by complainant who alleges in his bill that he has been excluded by defendant during the whole period.

3. DOWER—BAR BY ADVERSE POSSESSION.
    Dower may be barred by adverse possession.

Appeal from Hillsdale; Chester, J. Submitted April 15, 1904. (Docket No. 42.) Decided July 27, 1904.

Bill by Margaret J. Butcher against John Butcher for partition and for an accounting. Defendant filed an answer in the nature of a cross-bill to quiet title. From a decree for defendant, complainant appeals. Affirmed.

*F. A. Lyon,* for complainant.

*W. J. Sampson* and *Charles M. Weaver,* for defendant.

MONTGOMERY, J. In 1874 complainant's husband, William Butcher, was the owner of 75 acres of land in the county of Hillsdale, subject to mortgages of nearly $1,500. He also owned some personal property, amounting in value to a few hundred dollars, and also owed unsecured debts amounting to nearly the value of the personal property. The family of the Butchers consisted of William Butcher, his wife (complainant), and seven children, of whom John (the defendant) was next to the oldest, being at that

time 20 years of age. The youngest was a daughter but little more than one year of age. The husband and wife did not get on well together, and a separation was agreed upon. At the same time it was agreed with John that, if he would stay on the farm, take the personal property, make a home for and care for the younger children until such time as they were able to care for themselves, pay off the personal debts owing by William, and pay the mortgage on the place, he should have the place. With this end in view, a power of attorney was executed to Thomas J. Lowrey, authorizing him to deed or mortgage the land or sell the personal property at will. The complainant understood and assented to the arrangement with John. William left for California, and has never returned.

In 1884 complainant obtained a decree of divorce from her husband, and was awarded one-third of all his land in Hillsdale county as alimony, and, as the divorce was on grounds of drunkenness, was also entitled to dower in his estate. Complainant had continued a member of John's family for the most part until 1883 or 1884, when she left for good. Defendant continued in possession of the land, claiming the rights in it accorded by his father's contract with him. In 1901 the present bill was filed for partition.

The defendant filed an answer in the nature of a cross-bill to quiet title. Defendant prevailed in the court below, and complainant appeals.

In addition to setting out the equities above alluded to, the defendant also set up the statute of limitations, which we consider a complete answer to complainant's claim, and shall, therefore, omit discussion of the other interesting questions raised.

Complainant asserts that the defendant has not well pleaded the statute of limitations, for the reason that the answer fails to aver that the defendant's possession was exclusive; that is, that complainant was excluded from the rights which she now claims. This contention is sufficiently answered by the fact that the complainant's bill itself

very distinctly avers that she has been excluded all this time from the premises.

In 1889 Lowrey, acting under the power of attorney mentioned above, conveyed the land to defendant. Complainant contends that up to this time defendant's possession was not hostile to her, but that he was occupying in the right of his father. He was occupying, however, as the equitable owner of the whole, and this with complainant's knowledge. There was no recognition of any cotenancy. Complainant's bill, in effect, asserts this, and the fact is so. On the contrary, complainant knew the character of defendant's occupancy from the first, and that it was in no sense in subordination to her claim, but was adverse to it.

That complainant's dower may be bound, see *Beebe* v. *Lyle*, 73 Mich. 114 (40 N. W. 944).

The decree will be affirmed, with costs.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.