ALICE Z. HALLER, Plaintiff in Error, *vs.* MILLARD B. HAWKINS, Defendant in Error.

*Opinion filed June 29, 1910.*

1. DOWER—*death of husband entitles wife to dower unless it is barred.* The death of the husband entitles the wife to dower in all real estate of which he was seized of an estate of inheritance during coverture unless her right has been legally barred.

2. SAME—*rule as to bar of dower right by seven year Statute of Limitations.* The right of a wife to dower may be barred by adverse possession for seven years under claim and color of title, with payment of taxes, but the statute does not begin to run against the right during the life of the husband. (*Dugan* v. *Follett,* 100 Ill. 581, explained.)

3. SAME—*dower right may be barred by delay and inaction amounting to fraud.* The right of a wife to dower may be barred by delay and inaction for such a period of time and under such circumstances as amount to fraud, but a wife is not bound by any fraud or mis-statement of her husband of which she was ignorant.

4. SAME—*when right to dower is not barred.* A false statement by the grantor, in his deed and in the certificate of acknowledgment, that he was an unmarried man does not bar the right of his wife to dower upon his death, where it is not shown that she knew of such false statement and no facts constituting an estoppel against her are alleged and proved.

5. SAME—*fact that money was used to support wife does not bar her dower.* If a wife has not participated in the husband's fraud in falsely stating in his deed that he was an unmarried man, the facts that she continued to live with him after the conveyance and that the money derived therefrom may have been used in paying the family expenses do not bar her right to dower in the land at the husband's death.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding.

GEORGE W. YOUNG, for plaintiff in error.

DENISON & SPILLER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was married on March 24, 1884, to Israel Haller, who died on January 19, 1908. At the time of the marriage he was seized in fee simple of certain real estate in Williamson county, which he conveyed on April 14, 1884, and the title so conveyed is now vested in the defendant in error. The plaintiff in error did not join in the conveyance, which recited that the grantor was an unmarried man. The same recital appeared in the certificate of acknowledgment. The plaintiff in error filed her petition for the assignment of dower in the premises, which was answered and upon a hearing was dismissed. The answer set up the defenses of the Statute of Limitations, *laches* and estoppel, and the defendant in error relies upon

his and his grantor's possession under the deed from Israel Haller from the date of its execution and their payment of all taxes during that time.

The death of the husband entitles his wife to dower in all real estate of which he was seized of an estate of inheritance during coverture unless her right has been legally barred. This may be done by an adverse possession for seven years under claim and color of title, with payment of taxes. (*Owen* v. *Peacock,* 38 Ill. 33.) But the statute does not begin to run against the right of dower during the life of the husband. (*Steele* v. *Gellatly,* 41 Ill. 39; *Miller* v. *Pence,* 132 id. 149.) Delay and inaction for such time and under such circumstances as amount to a fraud have also been held to bar dower. (*Gilbert* v. *Reynolds,* 51 Ill. 513.) Nothing of that kind appears here. During her husband's life the plaintiff in error could not have asserted her right of dower, and *laches* cannot be imputed to her for failing to do so. (*Lohmeyer* v. *Durbin,* 213 Ill. 498.) This suit was begun within a year of her husband's death. No facts constituting an estoppel are averred or proved. There is no evidence that the plaintiff in error knew of the false statement in the deed and certificate of acknowledgment that the grantor was unmarried, and neither such false statement nor any other fraud of her husband not participated in by her could prejudice her right of dower. (Rev. Stat. chap. 41, sec. 16; *McLanahan* v. *Griffin,* 168 Ill. 31.) After the conveyance was made she was under no obligation to find the purchaser and inform him of her right to dower and her intention to enforce such right should she outlive her husband; nor would she be estopped from such enforcement by continuing to live with her husband and be supported by him, even though the purchase money for the premises was used in paying the family expenses.

Counsel for defendant in error cite *Dugan* v. *Follett,* 100 Ill. 581, in support of the proposition that Israel Hal-

ler's grantee having no notice of his marriage, the possession for more than seven years of such grantee and his successors under the conveyance, and their payment of taxes during that time, would bar the right of the plaintiff in error. In effect they claim that remainder-men may be barred by the Statute of Limitations during the existence of the particular estate and before any cause of action has accrued in their favor if the person in possession has no notice of their existence. The case cited does not support the proposition, but holds that the conveyance under which the complainants in that case claimed title never having been recorded, was, as against the defendants, who were subsequent purchasers without notice, void under the terms of section 30 of chapter 30 of the Revised Statutes, entitled "Conveyances," which provides that "all deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record." Since the conveyance was void as to the defendants, it was held that they could not be affected by it in any way, and that it could not be used against them to defeat the Statute of Limitations.

The decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*