CUMMINGS v. SCHREUR.

1. DOWER—ESSENTIALS.
    The estate of dower involves three essentials: Marriage, seisin of the husband during coverture, and death of the husband with survivorship of the wife.

2. SAME—INCHOATE RIGHT OF DOWER FASTENS AT MARRIAGE.
    The inchoate right of dower fastens at marriage on the property of which the husband then has seisin, and *eo instante*, during coverture, upon any property of which he becomes seized of an estate of inheritance.

3. SAME—RIGHT OF DOWER BECOMES CONSUMMATE AT HUSBAND'S DEATH.
    At the death of the husband the inchoate right of dower

[1]Dower, 19 C. J. §§ 16, 17, 22, 32; [2]Id., 19 C. J. § 106; [3]Id., 19 C. J. §§ 16, 201; 9 R. C. L. 593; 2 R. C. L. Supp. 840.

becomes consummate by law, and not by succession or descent.

4. SAME—HUSBAND MAY NOT DEFEAT INCHOATE RIGHT OF DOWER.
    An inchoate right of dower is an expectant contingency, yet so well protected by law that the husband cannot defeat it, except the wife be a nonresident.

5. SAME—INCHOATE RIGHT OF DOWER GIVES WIFE NO RIGHT OF ENTRY—STATUTE OF LIMITATIONS.
    An inchoate right of dower gives no right of action or entry to the wife, for it is only a possibility which may give a right of entry at a future day, and, therefore, the statute of limitations does not run against it.

6. SAME—CONSUMMATE RIGHT OF DOWER MAY BE LOST BY ADVERSE POSSESSION.
    Although an estate of dower after it becomes consummate may be lost by adverse possession (3 Comp. Laws 1915, § 12311), an inchoate right of dower is not so lost; section 12312 not being applicable.

7. SAME—ADVERSE POSSESSION AGAINST HUSBAND DOES NOT BAR RIGHT OF DOWER.
    Adverse possession against the husband does not bar right of action for recovery of the estate of dower on the husband's death.

Appeal from Mason; Cutler (Hal L.), J. Submitted October 13, 1926. (Docket No. 96.) Decided December 8, 1926. Reargued May 3, 1927. Former opinion affirmed June 6, 1927.

Bill by Georgianna Cummings and others against Dirk Schreur to quiet title to land. Defendant filed a cross-bill to quiet title. From a decree for defendant, plaintiffs appeal. Reversed and remanded for transfer to law side of court.

*Jackson, Fitzgerald & Dalm,* for plaintiffs.

*A. M. Johnston,* for defendant.

---

[4]Dower, 19 C. J. §§ 105. 116; [5]Id., 19 C. J. §§ 105, 125, 205, 302; [6]Id., 19 C. J. § 125; [7]Id., 19 C. J. § 125; 41 A. L. R. 1115; 9 R. C. L. 612; 2 R. C. L. Supp. 843; 17 R. C. L. 715.

On Rehearing.

Wiest, J.    In this case we ordered a rehearing. In our former opinion (*Cummings* v. *Schreur*, 236 Mich. 628) we held, in effect, that the statute of limitations does not run against an inchoate right of dower, and possession during the life of the husband cannot be tacked to the period of possession after his death, for, at the death of the husband, right of action for dower and of entry first accrued.    We stated, without citation of authority, what we considered the applicable rule of law.    It was represented that our opinion would seriously affect many supposedly good titles, and we, being willing to hear all possible to be said on the subject, directed a rehearing.

We now demonstrate the correctness of our former opinion by citations from applicable authorities. First, we will summarize well-established principles.

The estate of dower involves three essentials: Marriage, seisin of the husband during coverture, and death of the husband with survivorship of the wife. The inchoate right of dower fastens at marriage on the property of which the husband then has seisin, and *eo instante*, during coverture, upon any property of which he becomes seized of an estate of inheritance. At the death of the husband the inchoate right becomes consummate by law, and not by succession or descent. In its initial state, as an inchoate right, it is an expectant contingency, yet so well protected by law that the husband cannot defeat it, except the wife be a nonresident, and no adverse possession against the husband can bar right of action for recovery of the estate of dower on the husband's death.    An estate of dower may be lost by adverse possession, continued for the period fixed by the statute of limitations, but not so an inchoate right of dower.    The reason being that an estate of dower is a vested right with remedies for its recovery and protection, while an inchoate right

is protected solely by the law with no right of action open to or necessary by the wife.

Dower rights of a resident widow. The statute (3 Comp. Laws 1915, § 11654) provides:

"The widow of every deceased person shall be entitled to dower, or the use, during her natural life of one-third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof."

This statute is, in substance, the common-law rule of dower.

Limitations of actions, inclusive of an estate of dower. 3 Comp. Laws 1915, § 12311, provides:

"Hereafter no person shall bring or maintain any action for the recovery of any lands, or the possession thereof, or make any entry thereupon, unless such action is commenced or entry made within the time herein limited therefor, after the right to make such entry or to bring such action shall have first accrued to the plaintiff, or to some person through whom he claims, to wit:" The applicable subdivision limits the period to 15 years.

Counsel for defendant calls attention to the next section (§ 12312), which provides:

"If such right or title first accrued to an ancestor, predecessor, or grantor of the person who brings the action, or makes the entry, or to any other person from or under whom he claims, the said above periods of limitation shall be computed from the time when the right or title so first accrued to said ancestor, predecessor, grantor or other person."

It is obvious that this statute has no relevancy to the subject in hand.

Counsel for defendant claims:

"Under the decisions it must be conceded that the widow claims from or under the husband and that her title or interest is but a continuity of the interest or

title of the husband; the same as that of a son or daughter."

Is this true of dower? If it is, then a wife has dower only in the lands of which the husband dies seized of an estate of inheritance, and the statute (3 Comp. Laws 1915, § 11654), declaring the widow entitled to dower in all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof, is meaningless. Counsel are mistaken. Dower does not so descend.

"Much of the seeming difficulty in this class of cases is obviated by remembering that the widow's right of dower is not like that of an heir derived by descent from the husband, nor does it date from his death. The right becomes complete in her the instant there is a concurrence of seisin in the husband and marriage relation between the parties. It is not called into existence by the grant or grace or favor of the husband, and the wife holds it wholly independent of him." *Lucas* v. *White,* 120 Iowa, 735, 741 (95 N. W. 209, 98 Am. St. Rep. 380).

Dower does not descend to the wife from the husband; it arises out of the marriage relation. An estate of dower arises out of the marriage relation and becomes consummate in the wife upon the death. of the husband, but does not descend to the wife. *Reese* v. *Stires,* 87 N. J. Eq. 32 (103 Atl. 679).

Dower attaches by force of law and is not a continuation of the interest or title of the husband and does not come to the wife either in its inchoate state or as consummate by descent or claim under the husband.

"Upon the death of the husband, the incipient or inchoate interest which existed in the wife during the coverture becomes consummated and perfected, and her right to demand and enter upon the enjoyment of that interest commences." 1 Scribner on Dower (2d Ed.), p. 649.

An inchoate right of dower gives no right of action or entry to the wife, for it is only a possibility which may give a right of entry at a future day. The statute of limitations runs from the time right of entry accrues and that right does not accrue until the death of the husband.

"The statute of limitations does not begin to run until the right of action accrues, and in the case of a claim to the possession of real estate, the right of action does not accrue until there is right of entry." *Wright* v. *Tichenor,* 104 Ind. 185 (3 N. E. 853).

See, also, *Stidham* v. *Matthews,* 29 Ark. 650; *Smith* v. *Wehrle,* 41 W. Va. 270 (23 S. E. 712); *Britt* v. *Gordon,* 132 Iowa, 431 (108 N. W. 319, 11 Ann. Cas. 407); *Chase* v. *Alley,* 82 Me. 234 (19 Atl. 397).

It is the established common-law doctrine that the statute of limitations does not run against an inchoate right of dower. The statute does not in express terms, or by implication, apply to an inchoate right of dower. The statute of limitations does not run against a dower right during the life of the husband. *Moore* v. *Frost,* 3 N. H. 126; *Haller* v. *Hawkins,* 245 Ill. 492 (92 N. E. 299).

The statute of limitations bars an action for dower when it is made to appear that the action was not instituted as soon, by 15 years, as it might have been. *Berrien* v. *Conover,* 16 N. J. Law, 107.

A wife's inchoate right of dower is not in any manner affected by adverse possession. *Boling* v. *Clark,* 83 Iowa, 481 (50 N. W. 57).

It was held in *Miller* v. *Pence,* 132 Ill. 149 (23 N. E. 1030), quoting from the syllabus:

"The statute does not begin to run against the right of dower until a right of action therefor has accrued to the claimant, which cannot be until she becomes discovert. During the life of the husband the wife's inchoate right of dower can not be asserted against an adverse possession."

In *Smith* v. *Wehrle, supra,* it was aptly said:

"The statute of limitations acts on the remedy, and not on the right. But, by taking away the remedy, it indirectly destroys the right, be it ever so good and just. * * * On the death of her husband, her right to demand and sue for her dower accrued."

The statute there involved limited right of entry and of action to ten years after right to make entry or bring suit first accrued to the party "or to some person from whom he claims."

In *Williams* v. *Williams,* 89 Ky. 381 (12 S. W. 760), the court stated the question:

"Whether an adverse holding, so long continued before the husband's death, but not before the marriage, as to vest the disseizor with a right, and toll the husband's right of entry, will defeat the wife's claim to dower,"

and made this answer:

"Upon first thought one might suppose it would do so. The wife is, however, endowable under our law not of what the husband may be seized of in fee-simple at his death, but of any real estate so held by him at any time during the coverture. * * *

"The wife can not be heard until she becomes a widow, and the law is unwilling to make the silence of a party deprive her of a right, when it, at the same time, forbids her to speak. * * * It would be unreasonable to divest the wife of her inchoate right of dower for nonaction when she has no power to protect or save it, and is guilty of no laches. If so, she would suffer from silence enjoined by law. This would be paradoxical. Limitation cannot justly run against her right, because every such statute rests for its existence upon the laches of the party to be affected by it."

Consummate right of dower and of entry did not accrue until the death of the husband.

In *Moore* v. *Frost, supra,* it was well said:

"The principle, upon which the statute of limitations is founded, is, that he who has cause of action, and neglects to avail himself of the remedy, which the law furnishes, within the time limited, shall be presumed to have abandoned his right, and shall be forever barred of his remedy.    But a wife, during the life of the husband, has in his lands only a future contingent interest, a mere expectancy, which cannot be affected by any act of the husband, nor of any third person. * * *   For it can never be supposed that the legislature could have intended to save from the operation of the statute the interests of a *feme covert* in cases where she and her husband might have a remedy, and avoid the effect of the statute, and yet leave the statute to run against her rights in instances where she could have no power to do anything to save her rights from its operation."

In *Rook* v. *Horton*, 190 N. C. 180 (129 S. E. 450, 41 A. L. R. 1111), it was said:

"Since the wife may not maintain an action for dower prior to the husband's death, she is not put to her right of action against a disseizor during the coverture; and, therefore, adverse possession by a disseizor with or without color of title, after her marriage, does not bar or affect her right to dower.    This rule is recognized practically wherever the widow is dowable as at common law, and as now provided by statute in this State.    * * *   Her right, while inchoate, does not repel the use and enjoyment by others; she is not repelled by the statute of limitations."

In *Steele* v. *Gellatly*, 41 Ill. 39, the court stated:

"But, while we still hold that there is no reason why a claim to dower should not be held subject to the statutory limitation, as well as any other species of estate, if the language of the law clearly embraces it, yet we cannot suppose the legislature intended such claim should be barred before the widow had had the opportunity of asserting it, and if they had so intended their act would have been void.    But no such intention is to be imputed to them.    However comprehensive may be the language of an act of limitation, we think

no case in this country is to be found where the courts have held that the act begins to run, or can begin to run, until there is some person in being by whom an action can be brought. *   *   *

"When the defendant in this record commenced his adverse possession and payment of taxes, the petitioner had an inchoate right of dower. It was a right carefully guarded by our laws, and placed beyond the power of the husband to alien or impair by his contracts, or to forfeit by his laches. *   *   * But this inchoate right could not be asserted against the adverse possession, until it had become consummate by the death of the husband. *   *   *

"The right to dower in the wife was an interest in the land wholly distinct from the estate of the husband, and incapable of assertion in the courts until the death of the husband. As against this claim, the statute would not begin to run until a right of action accrued." *   *   *

In *Lucas* v. *White,* 120 Iowa, 735, 736 (95 N. W. 209, 98 Am. St. Rep. 380), it was said:

"The statute provides, in effect, that the time limitation upon the right of action begins to run from the time when the 'cause' thereof accrues. Code, § 3447. If, then, plaintiff's cause of action accrued to her when the alleged adverse possession was initiated in the year 1855 her action is manifestly barred; but, if the cause accrued only upon the death of her husband in the year 1900, it is equally manifest that the bar has not arisen and the judgment of the district court is right. The action is brought, as we have seen, to enforce a right which could mature only upon the death of the husband. During his lifetime the right was inchoate only, and would die with the wife, if she did not outlive him. In the very nature of things, there could be no admeasurement of common-law dower or statutory distributive share in the husband's estate during his lifetime, and, such being the case, it appears clear that the statute has not run against plaintiff's demand. *   *   * The decisions very generally are to the effect that, as the wife's right in her husband's land during his lifetime is contingent upon her survivorship, and gives her no right of disposition, entry, or possession, independent of her husband, the statute

of limitations does not begin to run against her until her interest has become mature by his death, even though a title by adverse possession has fully ripened as against him before his decease.   *   *   *   The only cases coming under our observance tending to support the appellant's theory are *Winters* v. *DeTurk*, 133 Pa. 359 (19 Atl. 354, 7 L. R. A. 658), and *Keys* v. *Keys*, 58 Tenn. 425.   In the former it seems to be held by way of *dictum* that adverse possession by a disseisor, which ripens into a title against the husband in his lifetime, will bar a claim of dower by the wife; while in the latter case the doctrine contended for by appellant is fully sustained.   The clear weight of authority, however, is with the appellee.   We are cited to numerous cases holding that adverse possession for the requisite period ripens into an indefeasible title.   The conclusion we have reached is not a departure from that rule.   Our decision is based upon the proposition that there was no adverse possession by defendant and his grantors as against the plaintiff's demand until after her husband's death.   *   *   * Adverse possession cannot arise until there is some one to dispute the right claimed.   *Marble* v. *Price*, 54 Mich. 466.

"But in the case before us there was neither title nor possession nor right of possession in the plaintiff during her husband's lifetime, and defendant's possession, not being inconsistent with her inchoate right, cannot be said to have been in hostility to it, and was, therefore, not adverse.   Her interest in the land was contingent only; a mere possibility, dependent entirely upon her survivorship.   As to her, there was never any actual or constructive ouster.   As she was never seized of the title, or any part thereof, until the husband's death, there was no disseisin in fact or in law.   She had no claim upon the rents or profits, and was not chargeable with taxes or repairs.   She could not maintain action of trespass against the persons in possession.   *   *   * If defendant and his grantors had obtained their title through a deed from the husband in which the wife did not join, probably no one would contend that such conveyance and possession under it, no matter how long continued prior to the husband's death, would bar the wife's right of dower if she outlived him.   Upon what principle shall we

say, in the absence of statute to such effect, that a title obtained in hostility to the husband shall be more effective to eliminate the rights of the wife than a voluntary conveyance by him.    If we do so decide, then we hold, in effect, that a wrongdoer may demand greater favor at the hands of the court than one who keeps strictly within the limits of his legal rights; for the grantee in the deed takes and holds possession as the true owner, while, as we have seen, adverse possession is founded upon the idea of a protracted ouster or disseisin of the true owner."

A leading case on the subject under consideration is *Lucas* v. *Whitacre,* 121 Iowa, 251 (96 N. W. 776). There it was said:

"The period of limitations is uniformly held to begin to run from the time a right of action accrues, and surely the wife cannot be said to have lost her inchoate right of dower by nonaction when she has been without power to save or protect it by suit.    She could not have done so prior to her husband's death. And therefore the statute did not run against her. But is she bound by her husband's failure to protect his real property from the adverse claims of others? The language of the statute will not bear this construction.    It is not the interest held by him at death, but at any time during coverture, in which she is awarded a share; and no act of omission or commission on his part can deprive her thereof, save that which results from execution or other judicial sale.  *  *  * Appellant cites numerous decisions to the effect that adverse possession extinguishes the right, and vests a perfect title in the adverse holder.    But this language is invariably directed to the claim of a particular individual, and never toward one against whom adverse possession cannot be asserted.    The vice of appellant's argument lies in the assumption that there has been adverse possession as to the wife.    It would be absurd to say the statute could run against her in the absence of any provision for the protection of her right.    Her right of action accrues the instant of her husband's death, and not until then does the period of limitation fixed by section 3447 begin.    Nor can her inaction be construed a relinquishment when nothing she might have done could have tolled the

running of the statute against her husband.      Appellant has cited no authority sustaining his view of the law, and we have found none."

In 19 C. J. p. 500, it is stated:

"Loss of title to lands of which the husband was seized during coverture by adverse possession does not affect his widow's right to dower therein, except in jurisdictions where by statute the wife has dower only in lands of which her husband died seized or possessed."

See, also, 9 R. C. L. p. 612, § 53.

The recovery of dower, meaning consummate dower, is barred by the statutory limitation upon actions of ejectment.      *Proctor* v. *Bigelow*, 38 Mich. 282; *King* v. *Merritt*, 67 Mich. 194; *Beebe* v. *Lyle*, 73 Mich. 114.

The holding in *Butcher* v. *Butcher*, 137 Mich. 390, is in accord with and cites the *Beebe Case*, and is not authority to the point that adverse possession while the dower right is inchoate will bar an action for consummate dower.      In the *Butcher Case* a divorce procured by the wife accorded her dower as upon the death of her husband and for upward of the statutory limitation period she took no action to recover against one holding adversely to her.

In *May* v. *Rumney*, 1 Mich. 1, the court considered a statute requiring an action for the recovery of lands to be brought within ten years after the passage of the statute.      In holding that the statute did not apply to an action to recover dower the court said, quoting from the syllabus:

"The right to dower is unlike any other right to land known to law, and its peculiar nature is such as to exempt it from the operation of all general statutes of limitations, however broad and comprehensive, in which it is not named, or, by unavoidable implication, included."

Later amendment of the statute, as pointed out in

*Proctor* v. *Bigelow, supra,* makes it applicable to consummate dower.

*Putney* v. *Vinton,* 145 Mich. 219 (9 Ann. Cas. 147), involved the dower right of a nonresident widow and fell within the statute (3 Comp. Laws 1915, § 11670) granting a nonresident widow dower of the lands, lying in this State, of which the husband died seized.

We find no occasion to depart from our former opinion, and decree will be entered in accordance therewith. Plaintiffs will recover costs of the rehearing.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.