MARY A. WEYER, Plaintiff in Error, *vs.* JOHN W. BARWELL *et al.* Defendants in Error.

*Opinion filed October 22, 1927.*

1. DOWER—*right of dower or inheritance may be changed by statute.* The right of a husband or widow of a deceased spouse to dower or to inherit is purely statutory, and the law may be changed so as to deprive the widow of such right if the legislature sees fit to do so.

2. SAME—*widow cannot, by renouncing dower, take one-third of lands conveyed by husband.* Section 1 of the Descent act applies only to real estate of which the deceased spouse died seized, and where a husband in his lifetime conveys property by deed in which the wife does not join, she cannot, on the death of the husband, renounce dower and take one-third in fee of the land conveyed, but as the husband could not by the conveyance deprive the wife of her inchoate right of dower without her consent, her dower right still exists, and her renunciation and election will in such case be regarded as nugatory and as not affecting that right.

3. SAME—*provision of Descent act giving widow one-third in fee is not discriminatory.* The provision of section 1 of the Descent act giving a widow, upon waiver and renunciation of dower, one-third in fee of the lands of which her husband dies seized, is not discriminatory in that it does not apply to a widow who still has dower in land conveyed by her husband, as the situation in case the husband dies seized of real estate is different from that where he has during his lifetime, without the wife's consent, disposed of the property.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding.

HEYDECKER & HEYDECKER, and J. H. PERKINSON, for plaintiff in error.

ELAM L. CLARKE, and RALPH J. DADY, for defendant in error John W. Barwell.

Mr. Justice Stone delivered the opinion of the court:

This cause comes here on writ of error to review a decree of the circuit court of Lake county dismissing for want of equity plaintiff in error's amended bill for partition. The bill alleges that Charles A. Weyer, husband of plaintiff in error, died on October 12, 1923, leaving plaintiff in error and several adult children as his heirs. It is further averred that on July 23, 1909, while married to plaintiff in error, Weyer was seized of the real estate described in the bill and on that day sold and transferred the premises, but that she did not join in the deed and did not prior to the death of Weyer release her right of dower therein; that on March 24, 1924, she, in accordance with the provisions of the statute in such case made and provided, filed with the recorder of deeds of Lake county her waiver of dower and election to take in lieu thereof one-third of the described property. She avers in her bill that by reason of the death of the decedent and her waiver of dower and election she became and is seized in fee simple of an undivided one-third of said real estate as a tenant in common with John W. Barwell, defendant in error, who purchased the property. Defendant in error filed a general and special demurrer on the ground that the averments of the bill did not show title to the real estate described; that Weyer did not die seized or possessed of the premises in question or any interest therein, and that therefore the complainant in the bill did not by the death of Weyer acquire any fee simple interest in the premises.

The only question in the case is whether plaintiff in error has a fee to an undivided one-third of the premises in question. Her claim is, that since under the Dower act she would have had such right had her husband not conveyed the property during his lifetime, she cannot be deprived of such right by the amendment of 1923 to the Descent act. Under section 1 of the Dower act (Smith's Stat. 1925, p. 987,) the widow is entitled to dower in all the real es-

tate of which her husband was seized at any time during his marriage. The husband cannot deprive his wife of this right by will, sale or otherwise without her consent. Section 1 of the statute on descent (Smith's Stat. 1925, p. 979,) provides, that when there is a widow or surviving husband and a child or children or descendant of such child or children, the widow of the surviving husband shall receive as her absolute personal estate one-third of all the personal estate of the intestate, "and he or she shall also receive as his or her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower." The last clause in the fourth paragraph of section 1 of the Descent act provides as follows: "Nothing herein provided shall bar the right of any widow or surviving husband to dower existing at the date of death of the intestate, in real estate of which the intestate did not die seized."

The right of a husband or widow of a deceased spouse to dower and to inherit is regulated by law. The law may be changed so as to deprive the widow of such right if the legislature chooses to do so. (*Cole* v. *Cole,* 292 Ill. 154; *Blankenship* v. *Hall,* 233 id. 116.) The provision of section 1 of the Dower act that the wife shall be entitled to an inchoate right of dower in all lands of which the husband was seized during coverture, manifestly provides a different right from that enumerated under section 1 of the Descent act in force at the time of the death of Charles A. Weyer. The latter act by its terms applies only to real estate of which the deceased spouse died seized, while the last clause thereof specifically reserves to the surviving spouse all dower rights which accrued in property disposed of during the lifetime of the deceased. It was not the intention of the legislature to give a surviving husband or wife a right to a one-third interest in fee in the real estate of which the deceased spouse did not die seized.

Nor do these acts violate the constitutional safeguards against discrimination or due process of law, as supposed by plaintiff in error. While it is true, as contended by her, the legislature may not arbitrarily discriminate between two persons in substantially the same position, yet that provision of the constitution has no application here. The situation of the widow in case the husband dies seized of real estate is different from that where he has during his lifetime, without her consent, disposed of the property. That the regulation of the descent of property, as well as the methods of conveying the same, is purely statutory and in control of the legislature has long been recognized. ( *Steinhagen* v. *Trull,* 320 Ill. 382; *Prall* v. *Burckhartt,* 299 id. 19.) It seems clear, therefore, that plaintiff in error is not entitled to a one-third interest in fee in the real estate in question.

Counsel urge that even though this be true, the decree should be reversed and the cause remanded so that plaintiff in error may be given leave to withdraw her waiver of dower and have the same assigned to her. There is no warrant in law for such a holding by this court. The cause is here on demurrer. The demurrer was filed to the case made by the bill and was properly sustained. It is settled in this State that the husband cannot without her consent deprive the wife of the inchoate right of dower conferred by the Dower act, although the fee in an estate may be disposed of subject to that right. (*Shoup* v. *Shoup,* 319 Ill. 179; *Deke* v. *Huenkemeier,* 289 id. 148.) Such inchoate right ripens into a legal vested right on the death of the husband. The attempt on the part of plaintiff in error to waive her dower right and elect to take a one-third interest in fee in the real estate in question was wholly nugatory and without effect. Her dower right exists without regard to the proceedings in this case.

The circuit court was right in dismissing the bill, and the decree will be affirmed.

*Decree affirmed.*