(No. 19821.

KATHERINE F. HAYES, Appellant, *vs.* HAROLD C. HAYES *et al.* Appellees.

*Opinion filed February 21, 1930.*

HUGH J. DALY, for appellant.

SYLVANUS GEORGE LEE, for appellee Harold C. Hayes.

SHERMAN C. SPITZER, EDMUND J. REYNOLDS, BROWN, FOX & BLUMBERG, and HUMMER & HUMMER, for appellees the Chicago Title and Trust Company *et al.*

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county sustaining appellees' demurrer to appellant's bill in chancery and dismissing the bill for want of equity.

Appellant's bill alleged, among other things, that on July 28, 1920, she was married to the appellee Harold C. Hayes; that shortly after the marriage he deserted her; that on May 24, 1924, he, without being divorced from appellant, went through a marriage ceremony with Maurine Geinzer; that on February 15, 1927, Hayes purchased certain real estate in Chicago and took title thereto in his own name; that on February 27, 1927, he purchased a 99-year leasehold interest in certain other real estate in Chicago; that on July 1, 1927, he executed a trust deed upon the freehold and leasehold estates securing a bond issue of $210,000; that the Chicago Title and Trust Company was the trustee under the trust deed; that the bonds were offered and sold by Wallenberger & Co.; that the trust deed was also executed by Maurine Geinzer, who purported to execute the same as the wife of Hayes and who purported to release dower and homestead rights in the premises as his wife; that appellant continued to be the legal wife of Hayes until February, 1928, when she was divorced from him on the ground of adultery on his part; that the trust deed is fraudulent, in that it represents that the dower rights of the wife of Hayes had been released and that it fraudulently attempts to deprive appellant of her inchoate right of dower in the premises. The bill concludes by praying that the trust deed of July 1, 1927, may be set aside and decreed to be void. Harold C. Hayes, Wallenberger & Co., the Chicago Title and Trust Company and the Progressive Bond and Mortgage Company were made parties defendant to the bill.

A freehold is not involved in this case, (*Bennett* v. *Bennett*, 318 Ill. 193,) and as no other ground of appellate jurisdiction in this court is shown, the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*