## Katherine F. Hayes, Appellant, v. Harold C. Hayes et al., Appellees.

### Gen. No. 34,326.

Heard in the second division of this court for the first district at the October term, 1929. Opinion filed January 27, 1931.

HUGH J. DALY, for appellant.

Sylvanus George Lee, for appellee Harold C. Hayes. Sherman C. Spitzer, Edmund J. Reynolds and Brown, Fox & Blumberg, for Chicago Title & Trust Company, as Trustee, and Wollenberger & Company, appellees. Hummer & Hummer, for Progressive Bond & Mortgage Company, Trustee.

Mr. Justice Gridley delivered the opinion of the court.

On February 14, 1929, complainant filed a bill in the superior court of Cook county against Harold C. Hayes, Wollenberger & Co., a corporation, Chicago Title & Trust Co., a corporation, and Progressive Bond and Mortgage Co., a corporation, praying that a first mortgage trust deed on certain described premises in Chicago, dated July 1, 1927, and recorded July 5, 1927, "be set aside and decreed to be void," in that it "fraudulently deprives or attempts to deprive" complainant "of her inchoate right of dower" in the premises. All four defendants filed general demurrers to the bill. On May 13, 1929, after argument, they were sustained and, upon complainant electing to stand by the bill, the court dismissed it for want of equity. She prayed and perfected an appeal to the Supreme Court but subsequently the cause was transferred to this court on the ground that a freehold was not involved. (*Hayes v. Hayes,* 338 Ill. 345, 346.) Of the printed briefs of appellees, here filed, one set is by counsel representing the three corporations, and the other by counsel representing Harold C. Hayes.

In the bill complainant alleged *inter alia* that she resided in Brookline, Massachusetts; that on July 28, 1920, she lawfully married Harold C. Hayes in Massachusetts, and for a time lived with him as his wife; that on May 1, 1921, their one child, Virginia Gertrude Hayes, was born; that subsequently Hayes deserted complainant and his whereabouts were unknown to her for several years; that on May 24, 1924, he, with-

out being divorced from her, "went through a marriage ceremony" with one Maurine Geinzer in Chicago; that about February 15, 1927, he purchased certain improved real estate, known as the Metropole Hotel, at 2300 South Michigan Avenue, Chicago, and which consisted of two parcels; that Hayes took title in fee simple to one parcel (describing it) by a trustees' deed, dated February 15, 1927, and recorded in the recorder's office of Cook county on February 25, 1927; that the other parcel was a certain leasehold estate (describing it) for 99 years, ending April 30, 1989, which was assigned to Hayes by written assignment, dated February 15, 1927; that the purchase price of the two estates and building was $205,000; that Hayes executed and delivered a purchase money mortgage, dated and recorded on said dates, to the Chicago Title & Trust Co., as trustee, which was released of record on August 25, 1927; that on July 1, 1927, he executed and delivered a trust deed (recorded July 5, 1927) on said estates and building to said company, as trustee, securing a bond issue of $210,000, which bonds "were offered for sale and sold to various investors" by Wollenberger & Co.; that said trust deed also was executed by Maurine Geinzer, who purported to sign the same as Hayes' wife and to release her dower and homestead rights in the premises; and that at that time, although complainant was the lawful wife of Hayes, she did not sign the deed and did not have knowledge of any of the above mentioned transactions.

Complainant further alleged that she continued to be the lawful wife of Hayes until she obtained a decree of divorce (copy attached and made a part of the bill) on the ground of his adultery, entered February 27, 1928, by a Massachusetts court; that in the divorce proceedings, instituted October 17, 1927, Hayes appeared by counsel and subsequently signed and filed

in the cause a certain stipulation or alimony agreement (copy attached, etc.); that in the divorce decree it was provided that it should become final, and it did become so, on August 27, 1928; that therein complainant was awarded the care and custody of said minor child; that therein it was provided that Hayes should pay to complainant $4,500, "in full settlement of all claims for alimony, past, present and future, counsel fees and court costs," and said sum was paid; that therein it was provided that Hayes also should pay to complainant certain monthly sums for the care, support and education of said minor child until the latter became of age, to wit, until May 1, 1942; and that neither the agreement nor the decree released or purported to release or waive "any dower rights or inchoate dower rights" of complainant in any real estate owned by Hayes.

Complainant further alleged that the trust deed of July 1, 1927, conveying the real estate to the Chicago Title & Trust Company, as trustee, to secure said bond issue, is "fraudulent and void, in that it represents that dower rights of the wife of said Hayes have been released," and in that it "fraudulently *attempts* to deprive complainant of her inchoate right of dower in said premises"; that when said deed was executed Hayes knew of the existence of complainant's inchoate right of dower; and that he "fraudulently *attempted* to deprive" complainant of her said right "by permitting or procuring the signature of said Maurine Geinzer to said deed as his legal wife." And complainant further alleged that Hayes executed a second mortgage trust deed, dated July 12, 1927, and recorded August 25, 1927, conveying said freehold and leasehold estates to the Progressive Bond and Mortgage Co., as trustee, to secure an indebtedness of $62,800; and that he also fraudulently permitted or procured said Maurine Geinzer to sign the same, "thereby fraudulently pur-

porting to release complainant's inchoate right of dower in the premises.''

Complainant's counsel contends that the court erred in sustaining defendants' general demurrers to complainant's bill and in dismissing it for want of equity because the first mortgage trust deed of July 1, 1927, on the premises involved, is void, it having been executed in fraud of complainant's dower right therein (the same not having been relinquished by the divorce decree of February 27, 1928), even though such right is inchoate. Although admitting in substance that ''a wife's inchoate right of dower before it has been consummated by her husband's death is a mere intangible, contingent expectancy, and not only is not an estate in land but does not even rise to the dignity of a vested right'' (*Bennett v. Bennett,* 318 Ill. 193, 197; *Taylor v. Taylor,* 223 Ill. 423, 426), and cannot be asserted during the husband's lifetime (*Haller v. Hawkins,* 245 Ill. 492, 494; *Lohmeyer v. Durbin,* 213 Ill. 498, 500), yet counsel argues that such an inchoate right may be made the basis of a suit to set aside a deed ''executed in fraud of her marital rights.'' As applied to such well pleaded facts as are alleged in complainant's bill, we do not think there is any merit in the contention or argument. While it has been decided in this State that a deed made by one *on the eve* or in *contemplation* of marriage, which if uncanceled actually would *deprive* the wife or husband (as the case may be) of dower rights, may under certain circumstances be set aside as in fraud of marital rights (*Freeman v. Hartman,* 45 Ill. 57, 59; *Higgins v. Higgins,* 219 Ill. 146, 151), the present bill does not allege such a case. It therein appears that the trust deed sought to be set aside was executed and delivered by Hayes long after complainant's marriage to him in July, 1920, and before her divorce from him, and that he obtained title to both the freehold and leasehold estates in February,

1927. When he obtained that title her inchoate right of dower immediately *attached* to the *freehold* estate, and only to that estate. (Section 1, Dower Act, Cahill's St. 1925, ch. 41, ¶ 1, p. 937; *Thornton v. Mehring,* 117 Ill. 55, 59.) It is further alleged that complainant, then Hayes' lawful wife, did not join in the trust deed of July 1, 1927, and that she never released or relinquished her inchoate right of dower in said freehold estate. If so, she still has her inchoate right of dower therein. And she does not allege in her bill any facts showing that the execution and delivery of the trust deed by Hayes actually deprive her of such inchoate right. Practically all that is alleged is that Hayes, in executing the deed, and in procuring Maurine Geinzer as his purported wife to join therein, "fraudulently *attempted* to deprive" her of such inchoate right. Furthermore, it is the law of this State, as well as in other States, that a husband has the legal right to convey or mortgage any of his real estate without the wife joining in the deed to release her inchoate right of dower, and that, as against the wife, no fraud can be predicated upon the exercise by the husband of such legal right. (*Haller v. Hawkins,* 245 Ill. 492; *McLanahan v. Griffin,* 168 Ill. 31; *Deke v. Huenkemeier,* 260 Ill. 131; *Weyer v. Barwell,* 327 Ill. 214; *Schackleford v. Morrill,* 142 N. C. 221; *King v. Chandler,* 213 Ala. 337; *Warner v. Trustees of Norwegian Cemetery Ass'n,* 139 Iowa 115.) In the *Haller* case the husband conveyed by deed certain real estate to Hawkins, and in the deed and certificate of acknowledgment were the false statements that the grantor was "unmarried." The wife did not join in the conveyance and did not have knowledge of it at the time or of said false statements, and the court held (p. 494) that *during the husband's lifetime* she "could not have asserted her right of dower," and that *after the husband's death* (she then being living), neither said false

statements in the deed and certificate of acknowledgment "nor any other fraud of her husband, not participated in by her, could prejudice her right of dower." In the *Deke* case (p. 137) it is said: "The law is well settled that a husband may convey his real estate without his wife joining him, and if there be no homestead, the conveyance will vest the grantee with a fee simple title, subject only to the dower of his wife, *should she survive him.*" In the *Weyer* case (p. 217) it is said: "It is settled in this State that the husband cannot without her consent deprive the wife of the inchoate right of dower conferred by the Dower Act, although the fee in an estate *may be disposed of subject to that right.* . . . Such inchoate right ripens into a legal vested right *on the death of the husband.*" In both the North Carolina and Alabama cases, cited above, the husband had executed a mortgage on his real estate, without the wife joining in the deed or without any release by her of her dower right. The wife claimed, as here, that the mortgage was void as being in fraud of her marital rights, but in each case it was held that the mortgage was valid *subject* to the wife's dower right.

Other points are made by counsel for the three defendant corporations, as reasons for the action of the court in sustaining the demurrers to complainant's bill and in dismissing the bill for want of equity, but, in view of our foregoing holdings and decision, we deem it unnecessary to discuss them.

For the reasons indicated the judgment of the superior court is affirmed.

*Affirmed.*

SCANLAN, P. J., and KERNER, J., concur.