Cora Bryte Hall, Appellant, v. A. W. Ray, Executor, Appellee.

Gen. No. 8,760.

Opinion filed May 10, 1934. Rehearing denied June 25, 1934.

SAFFORD & SOULE and E. P. FIELD, for appellant.

NELSON, NEAGLE & GUSTAFSON, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant brings this appeal from the circuit court of Warren county, because of the rejection of her claim filed against the estate of William F. Wetzel, deceased. William F. Wetzel and Mary Wetzel were husband and wife. They had no children. Mary Wetzel had one sister named Aleta Holland; three brothers named William Hall, Wyatt Hall, and Warren Hall; and one nephew named Clifford Hall, child of her deceased brother, Albert Hall.

Mary Wetzel made her will in which she provided as follows:

"FIRST: I direct that all my just debts and funeral expenses be paid as soon after my decease as conveniently can be done.

"SECOND: I give, devise and bequeath to my beloved husband, William F. Wetzel, all of my property, real, personal and mixed, of whatsoever kind and nature, that I may die seized and possessed of, to have and to hold the same for and during the term of his natural life, he to receive the use and benefit of the same during said time.

"THIRD: After the death of my said husband, it is my desire and I hereby order and direct that all of my property, both real and personal, be converted into money by my executor, and out of the proceeds derived therefrom I give and bequeath to Archie Waters, of Avon, Illinois, the sum of Five Hundred Dollars ($500.00) provided he is living at the time of the death of my said husband and in the case the said Archie Waters is not living at the time of the death of my said husband, then the said Five Hundred Dollars ($500.00) herein bequeathed to him shall revert to my estate.

"FOURTH: It is my will and I hereby direct that the balance of the funds derived from the conversion of my property into money as above directed, shall be divided equally among my sister, Aleta Holland, of Chicago, Illinois, my brothers, William Hall and Wyatt Hall of Swan Creek, Illinois, and Warren Hall of Prairie City, Illinois, and my nephew, Clifford Hall, only child of Albert Hall, deceased, share and share alike. Should any of my brothers, my sister or my nephew die before the death of myself or my husband, I hereby order and direct that the portion herein given and bequeathed to the said brother, sister or nephew shall be equally divided among his or her lawful heirs."

The testatrix in the above will nominated her husband, William F. Wetzel, as executor, and he qualified and acted as such. Mary Wetzel died on December 27, 1927. Her will was admitted to probate in the county court of Warren county. William F. Wetzel qualified thereunder, and letters testamentary issued to him pursuant thereto.

He converted the estate of his deceased wife to cash. He filed his final report as such executor on July 3, 1929, charging himself therein with receipt of personal property to the extent of $5,135.56, and credited himself with the following: Court costs $50.85; attorney fees $150; balance paid to himself as tenant for life under the second clause of the will of Mary Wetzel, $4,934.71; which amounts equaled the total receipts.

William F. Wetzel died on May 21, 1931, leaving a will which was probated and under which appellee, A. W. Ray, was appointed executor. Appellant filed her claim against the estate of William F. Wetzel, deceased, in the county court, claiming that as sole heir, devisee, and legatee of the estate of her deceased husband, Warren Hall, she was thereby entitled to a one-fifth of the estate of Mary Wetzel, deceased. Appellant is the widow of Warren Hall, who was a brother of Mary Wetzel, and one of the beneficiaries named in the fourth clause of her will. The said Warren Hall died on February 13, 1928, some two months subsequent to the death of Mary Wetzel. He left a will wherein he devised and bequeathed his entire estate to appellant, and named her as executrix thereof. His will was probated in the county court of Warren county and letters testamentary issued to appellant. Warren Hall left no children or any descendants of children.

It is contended by appellant that as sole heir, devisee, and legatee of her deceased husband, who was a beneficiary under the terms of the will of Mary Wetzel to a

one-fifth of her estate, she is entitled to receive the said one-fifth of such estate.

It is contended by appellee that under the law the appellant is not an heir of Warren Hall, her deceased husband, within the meaning of the word "heirs," as used by the testatrix, Mary Wetzel, in the fourth clause of her will and therefore appellant is not entitled to take under the will of Mary Wetzel, deceased.

Appellant's claim was denied in the county court of said county and appellant prosecuted an appeal to the circuit court, wherein appellant's claim was again denied. Appellant brings this appeal from the judgment of the circuit court denying her right to take under the will of Mary Wetzel, deceased, as an heir of her deceased husband, Warren Hall.

The appellant in this case is ·the sole beneficiary under the terms of her husband's will. She is also the qualified and acting executrix thereof. By her claim she seeks to take under the will of Mary Wetzel as the "lawful heir" of her husband, Warren Hall. The widow is not an heir of her deceased husband, under the common law. 28 R. C. L. 255; 29 C. J. 301. The word "heirs," unexplained by the context, will be held to mean the persons appointed by law to succeed to an estate as in case of intestacy. This has been the consistent holding of the courts in this State for many years. *Gauch v. St. Louis Mut. Life Ins. Co.,* 88 Ill. 251; *Alexander v. Northwestern Masonic Aid Ass'n,* 126 Ill. 558; *Rolofson v. Rolofson,* 246 Ill. App. 305. There is only one condition under the statutes of this State by which the surviving widow becomes an heir of her deceased husband. This is by virtue of paragraph 3 of section 1 of the Descent Act, Cahill's St. ch. 39, ¶ 1. Under this section of that act, two things must concur to make the surviving widow an heir of her husband. First, the husband must die without any child or children and without any descendants of a

child or children; and second, he must die intestate. In this case appellant's husband died testate, making her the sole legatee and devisee of his will as well as the executrix thereof, in which capacity she is now serving. In order for appellant to take under the will of Mary Wetzel as an heir of her deceased husband as she seeks to do herein, it would have been necessary that her said husband die without a child or any descendants of a child, and intestate, as aforesaid; or that his estate be rendered equivalent to that of an intestate estate. The word "heirs" as applied to those who should take that portion of Mary Wetzel's estate upon the death of Warren Hall, as set out in the fourth clause of her will, has a technical signification, and we must presume that the word was used in its strict and primary sense. There is nothing in the context to show that it was used in any other sense, and in view of the rule in force in this State, the word "heir" when uncontrolled by the context, designates only those persons appointed by law to succeed to the estate as in case of intestacy; and the surviving spouse is not included within the term "heirs," except when the facts of the case come under said paragraph 3 of section 1 of the Descent Act.

The judgment of the trial court is affirmed.

*Judgment affirmed.*