Rock Island Bank and Trust Company, Appellee, v.
Matilda Koehler Bladel, Appellant. Lena Buranek
et al., Appellees.

Gen. No. 8,941.

Opinion filed August 14, 1935. Rehear-
ing denied September 30, 1935.

RUBY TURNER-LOOPER, of Oklahoma City, for appel-
lant.

WM. B. SCHROEDER and EARL L. SCOTT, both of Rock
Island, for appellee Rock Island Bank & Trust Co.

WITTER & WALKER, of Rock Island, for certain other
appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

The Rock Island Bank and Trust Company brought its bill in the circuit court of Rock Island county for the construction of a certain trust agreement entered into on May 1, 1906, between Mrs. A. C. Denkmann and the Central Trust and Savings Bank (the said Central Trust and Savings Bank by merger having become consolidated with plaintiff trust company).

The trust agreement placed the sum of $5,000 in the custody and control of the trustee bank, providing that it should invest the same as it thought best, paying the interest therefrom to Johanna Bladel, a sister-in-law of Mrs. Denkmann, so long as the said Johanna Bladel should live; that upon her death, the said income should be paid to her husband, Andrew Bladel, should he survive her; that upon his death the investments of said trust should be converted into cash and paid to William J. Bladel, a son of the said Johanna and Andrew Bladel, providing that ''in case of his death before becoming entitled to said money hereunder, the said party of the second part (meaning the trustee), shall pay the same over to the legal heirs of said William J. Bladel.''

At the time of the creation of the trust, Johanna and Andrew Bladel, the parents, and William J. Bladel, the son, were all living. The son at that time was married to the appellant herein, Matilda Koehler Bladel. The son, William J. Bladel, died on August 1, 1911. He preceded in death his father and mother, Andrew and Johanna Bladel, and his wife, Matilda Koehler Bladel. He died testate, leaving his entire estate to his wife (the appellant), except for a legacy of $500 to his mother. His will was duly admitted to probate in the probate court of Rock Island county. Some 12 years later, the mother, Johanna Bladel, died. Her husband survived her about nine years. Following the death of the father, Andrew Bladel, a controversy arose be-

tween appellant as the surviving widow of William J. Bladel, and the heirs at law of the said William J. Bladel, respecting their rights to participate in the distribution of the trust fund, the trust having terminated upon the death of Andrew Bladel. Appellant claims she is entitled to the whole of the trust fund, as the sole heir of her deceased husband.

The Rock Island Bank and Trust Company, as trustee of said trust fund, thereupon brought this suit on April 19, 1934, for a construction of the trust agreement and adjudication by the court as to the disposition of the corpus of the trust fund, together with the accumulated income therefrom; and for directions as to the distribution of said fund, as among the contending parties. The court by its decree determined the parties entitled to participate in the distribution of the trust fund. The decree held that Matilda Koehler Bladel, the wife of William J. Bladel, deceased, was not entitled under the laws of this State to participate in the distribution of said trust fund, as an "heir" of her husband, who died testate. The said Matilda Koehler Bladel prosecutes this appeal from the decree of the chancellor as rendered.

Appellant assigns 31 errors upon which she urges reversal of this case. As we view the matter, the controlling factor in this appeal is whether or not the appellant falls within the legal description of an heir at law of her husband, who died testate, as the word "heirs" is used by Mrs. Denkmann in the trust agreement. "The descent of property in Illinois, is regulated wholly by statute." *Hardesty v. Mitchell,* 302 Ill. 369, 371. To the same effect are *Weyer v. Barwell,* 327 Ill. 214, 217; *People v. Flanagin,* 331 Ill. 203, 209.

The same question here presented was before this court in the case of *Hall v. Ray,* 275 Ill. App. 344, wherein the rule that the word "heirs" when uncontrolled by the context designates only those persons appointed by law to succeed to the estate as in the case

of intestacy was recognized. We do not deem it necessary to cite here the authorities referred to in that case. The courts of this State have rigidly adhered to the rule that the words employed will be presumed to have been used in their strict and primary sense, unless the context shows them to have been used in a different sense. When not thus explained, their legal and technical meaning will be enforced, and the word "heirs," if unexplained by the context, will be held to mean the persons appointed by law to succeed to the estate as in case of intestacy. We find nothing from the context of the instrument before us to indicate that Mrs. Denkmann used the word "heirs" in any other manner than in its strict and primary sense. Under such circumstances, the term has a technical signification and the court is not empowered to enlarge upon the term as used. We must presume that the word was used in its strict and primary sense. There is nothing in the context to otherwise indicate. No qualifying expression was used as descriptive of the word "heirs" in a distributive sense.

In the absence of anything to the contrary expressed in the terms of the instrument, we are of the opinion that appellant cannot be considered as an heir of her deceased husband in order to participate in the distribution of this trust fund. It appears that par. 3 of sec. 1 of the Descent Act, Cahill's St. ch. 39, ¶ 1, determines when a surviving wife becomes an heir of the deceased husband. When an heir takes in the character of an heir, he must take in the quality of an heir, and all persons taking as heirs must take by descent. We know of no provision of the statute of descent whereby the surviving wife or husband can be said to take as an heir from the other, except when the facts of the case come under said par. 3, sec. 1 of the Descent Act.

We are of the opinion that appellant does not answer the description of a "legal heir" of her deceased husband, as determined by the statute of descent of this State, and accordingly is not entitled to participate in the distribution of the trust fund here in question. Under the above section of the Descent Act, in order for appellant to qualify as an heir of her deceased husband, it was necessary that he die without a child or any descendants of a child, and intestate; or that his estate be rendered equivalent to that of an intestate · estate. This did not occur.

Appellant urges that the remainder due William J. Bladel and his heirs was a vested remainder and only the possession and enjoyment thereof was postponed. That is not the question before the court. The question is: Who is entitled to share in the distribution of the trust fund, as "legal heirs" of the said William J. Bladel? We are of the opinion that in the absence of any qualifying words, the word "heirs" or "lawful or legal heirs," do not include the wife, when the deceased husband died testate, and his estate duly administered under the will, as in this case.

The decree of the trial court is therefore affirmed.

*Decree affirmed.*