Hart, J.
The question here presented is: Did the amendments of Sections 11986 and 11991, General Code, and the enactment of Section 10502-1, General Code, upon the repeal of Section 8606, General Code, all effective January 1, 1932, bar plaintiff of her inchoate right of dower under former Section 11991, General Code, in the lands of which decedent was seized on November 13, 1918, and of which he continued to be seized until his death on March 20, 1947?
It is the contention of the plaintiff that her inchoate right of dower at the time of the divorce was not barred by the subsequent amendment of Sections 11986 and 11991, General Code, and the enactment of Section 10502-1, General Code, inasmuch as such amendments and enactment were prospective in operation and applied only to divorces granted on and after January 1, 1932; that, upon the granting to her of the divorce, such inchoate dower right was preserved to her by virtue of the statutes then in force and effect, and particularly Section 11991, which provided that if a wife survived her husband, she was entitled to dower in his real estate which was not allowed to helas alimony, of which he was seized during coverture *357 and in which she had not relinquished dower; that the effect of Section 11991, General Code, was to preserve to her the same dower right which she had as decedent’s wife as though she was still his wife at the time of his death; and that notwithstanding she had secured a divorce from him she was entitled to dower in real estate of which he was seized at the time of his death, even though she was not his widow and she and he had remarried.
To support these contentions, plaintiff relies not only upon the statutes as they existed prior to January 1, 1932, but upon the following cases: Arnold v. Donaldson, 46 Ohio St., 73, 18 N. E., 540; Lamkin v. Knapp, 20 Ohio St., 454; McGill v. Deming, 44 Ohio St., 645, 11 N. E., 118. See, also, Van Blaricum v. Larson, 205 N. Y., 355, 98 N. E., 488, 41 L. R. A. (N. S.), 219, Ann. Cas. 1913E, 553.
It may be conceded that if the legislation above noted constituted a valid exercise of legislative power, the claimed dower rights of the plaintiff have been completely barred. These statutes did not act retrospectively but prospectively as to all inchoate dower rights. Notwithstanding the divorce decree, the inchoate right of dower of the plaintiff continued up to the time the dower and alimony statutes above noted became effective on January 1, 1932, and her inchoate right of dower was barred as were the inchoate rights of dower of all other spouses whose husbands or wives were living on that date. The plaintiff and all persons in her situation had no vested interests by way of dower in the realty of their living spouses on the date the new legislation became effective. Hence, these statutes took away no constitutional rights and did not operate retrospectively but prospectively as to all dower rights which accrued and vested after such date.
The plaintiff complains that the new legislation operated discriminatingly against her in that she was *358 deprived of the statutory rights given in lieu of dower under the new legislation and in that the legislation operated unfairly as between pre-1932 divorcees and post-1932 divorcees, because, as to the latter as distinguished from the former, the court could decree alimony in the light of the loss of dower rights. The answer to this complaint is obvious. The jurisdiction of a court in an alimony ease is continuing and if any injustice had been done to the plaintiff by the barring of her inchoate dower rights she could have applied after 1932 for a modification of the alimony award in her favor because of changed circumstances just as decedent did upon her remarriage.
During the lifetime of both spouses, dower is a contingent inchoate right and becomes vested in the surviving spouse only upon the death of the other spouse. This court has indicated the character of the right under former statutes in holding that a wife was not a necessary party defendant in proceedings to partition or appropriate the husband’s lands, nor was she entitled to any part of the condemnation award or dower therein. Weaver v. Gregg, 6 Ohio St., 547, 67 Am. Dec., 355; Long v. Long, 99 Ohio St., 330, 124 N. E., 161. It is to be noted, too, that Section 8606, General Code, before its repeal contained a condition precedent to an award of a dower estate to the surviving spouse, which condition was that dower attached only in case the party claiming dower had “not relinquished or been barred of it.” Clearly, by this provision of the statute the General Assembly had specifically retained its power to abolish inchoate dower by future legislative enactment.
It is the view of this court that the plaintiff had only an inchoate right of dower prior to decedent’s death which could be .terminated and was terminated by the repeal and revision of the statutes in question, effective January 1, 1932.
“Dower is not the result of contract, but is the *359 creature of positive law, founded on reasons of public policy, and subject while it remains inchoate, to such modifications and qualifications as legislation, for like reasons of public policy, may see proper to impose.” Weaver v. Gregg, supra, 549. See, also, Long v. Long, supra; DuBois v. Coen, Exr., 100 Ohio St., 17, 125 N. E., 121; Randall v. Kreiger, 23 Wall., 137, 23 L. Ed., 124; Ferry v. Spokane, Portland & Seattle Ry. Co., 258 U. S., 314, 66 L. Ed., 635, 42 S. Ct., 358; Steinhagen v. Trull, 320 Ill., 382, 151 N. E., 250; Weyer v. Barwell, 327 Ill., 214, 158 N. E., 475; 37 Ohio Jurisprudence, 436, Section 189.
The plaintiff claims further that her divorce proceeding was a pending action since 1918, within the meaning of Section 26, General Code, by reason of the continuing jurisdiction of the court in divorce proceedings; and that her dower rights must be determined by Section 11991 prior to its amendment, effective January 1, 1932, citing as authority for her position the cases of Smedley v. State, 95 Ohio St., 141, 115 N. E., 1022; State, ex rel. Crawford, Exr., v. Industrial Commission, 110 Ohio St., 271, 143 N. E., 574; Hupp v. Hock-Hocking Oil & Natural Gas Co., 88 Ohio St., 61, 67, 101 N. E., 1053, Ann. Cas. 1914D, 1004.
Specifically, the plaintiff claims that her divorce action, so far as it related to the subject matter of alimony and inchoate right of dower, was in effect a pending proceeding on January 1,1932, within the purview of Section 26, General Code, which provides that pending actions shall not be affected by the repeal or amendment of a statute unless, where the repeal or amendment relates to the remedy, it is expressly provided for in the amending or repealing act.
The court, in its alimony decree, specifically provided that the plaintiff was “not by this decree of divorce and alimony barred of her right and interest of dower in any of the real estate owned by the defendant at the date of this decree,” but in making *360 this order the court was without jurisdiction to pass upon or render any decree awarding the plaintiff any right of dower which was in conflict with legislative enactment creating dower or alimony rights.
The purpose of Section 26, General Code, is to preclude a pending action from being affected by an amendment to or the repeal of a statute. Inchoate dower furnishes no basis for a cause of action relating to the preservation or destruction of dower rights. The court cannot by its decree either preserve or bar inchoate dower rights or dower burdens. Such rights or burdens are not determined by the court’s orders. They exist and persist by the force of statutes. When a decree of divorce is granted, the statutes automatically define the inchoate dower rights or burdens of the parties regardless of the court’s decree, even though the court decree attempts to deal with these matters. A person does not acquire a vested right to a dower interest in the property of his spouse until the latter’s death. Until then, he can have no cause of action to assert a claim of dower or a dower status which an amending or repealing statute could destroy or take away. See DeWitt v. DeWitt, 67 Ohio St., 340, 351, 66 N. E., 136.
The plaintiff’s divorce action before the death of decedent related solely to divorce and alimony and not to. dower in his real estate. Hence, Section 26, General Code, had no application to an action asserting a claim of dower arising as it did upon the death of plaintiff’s spouse 15 years after the changes in the statutes affecting dower rights. This claim of the plaintiff is, therefore, untenable.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed,

Weygandt, G. J., Zimmerman, Stewart, Middleton and Matthias, JJ., concur.
Taft, J., not participating.